## Fritz *v.* Lebanon Mut. Ins. Co., Appellant.

*Fire Insurance—Proof of loss—Waiver—Evidence.*

The fact that a fire insurance company appointed an adjuster to adjust a loss, and that when an adjustment was made it was received by the company without objection, is sufficient evidence to submit to the jury on the question whether the company had waived a provision in the policy requiring proof of loss to be furnished within fifteen days.

*Assignments of error to admission of evidence.*

An assignment of error to the admission of evidence which quotes the bill of exception but not the evidence is not in proper form and will not be considered by the Supreme Court.

Argued Feb. 9, 1893. Appeal, No. 5, Jan. T., 1893, by defendant, from judgment of C. P. Chester Co., Jan. T., 1892, No. 12, on verdict for plaintiff, Wm. H. Fritz. Before Paxson, C. J., Sterrett, McCollum, Mitchell and Dean, JJ.

Assumpsit on policy of fire insurance.

At the trial, before Waddell, P. J., defendant claimed that no proof of loss had been furnished within fifteen days after the fire, as required by the policy. Plaintiff, however, offered evidence which tended to show that plaintiff, immediately after the fire, gave notice of the loss to A. T. Cross, the agent of defendant, who directed Shattuck, an adjuster of all the companies which Cross represented, to adjust the loss; that Shattuck did so and made report to Cross, who accepted it without objection, and forwarded it to defendant company. The proofs thus furnished were retained by the company, until a considerable time had elapsed and plaintiff had demanded payment. The fire occurred May 28, 1891, the adjustment was received by the company July 18, 1891.

Defendant's request for binding instruction was refused. [10]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (2–4) rulings on evidence, quoting bills of exception but not evidence, and (10) above instruction, quoting it.

*James C. Sellers,* for appellant, cited, on the question of

waiver: Beatty v. Lycoming Ins. Co., 66 Pa. 9; Mueller v. South Side Co., 87 Pa. 399; Gould v. Dwelling House Ins. Co., 134 Pa. 570; Kelly v. Sun Fire Office, 141 Pa. 10; Everett v. London, etc. Ins. Co., 142 Pa. 332.

*William Butler, Jr., Thos. S. Butler* and *Wm. S. Windle* with him, for appellees, cited: Bonnert v. Ins. Co., 129 Pa. 562; Farmers Ins. Co. v. Taylor, 73 Pa. 353; State Ins. Co. of Missouri v. Todd, 83 Pa. 279; Susquehanna Ins. Co. v. Staats, 102 Pa. 532; Gould v. Ins. Co., 134 Pa. 589.

PER CURIAM, February 20, 1893:

The first four specifications of error are not assigned according to our rules.

The remaining specifications all bear upon the question, whether there was a waiver by the company of the provision in its policy which required proofs of loss to be furnished within fifteen days after the notice of loss. This was the pivotal point in the case. Without going into the details of the evidence, we think there was sufficient upon this point to go to the jury, and that it was properly submitted.

Judgment affirmed.