## Reilly et al. *v.* Daly, Appellant.

[Marked to be reported.]

*Affidavit of defence—Executors—Parol evidence to vary writing.*

Where an executor agrees in writing to pay, out of his commissions, whatever fee should be allowed to his counsel, and that the estate should not be charged therefor, he cannot, in an action to recover from him the amount of the fee, allege that the writing was signed by him " in the haste and excitement of the court room," and did not contain the agreement as he made it. In the absence of any allegation, in the affidavit of defence, of fraud, accident or mistake, or that he was induced to sign by a parol promise which was subsequently broken, judgment will be entered against him for want of a sufficient affidavit of defence.

*Equitable assignment—Acceptance of order—Affidavit of defence.*

Where an order is drawn by one person upon another for the payment of money, the drawee is not liable upon the order unless he accepts it.

If the order is an equitable assignment of a fund, judgment will not be entered against the drawee by reason of an insufficient affidavit of defence, if he avers that the assignee was largely indebted to him.

In such a case it is not necessary for the defendant to go into a minute specification of the indebtedness in his affidavit of defence, as the unaccepted order created no prima facie liability on his part which he was bound to dispel by alleging a specific set-off.

*Executors and administrators—Release.*

Where an executor promises to pay to the distributees of the estate certain moneys outside of the balances determined by the accounts, a release,

by the distributees, of the balances, does not apply to the executor's promises.

*Affidavit of defence—Judgment for part due—Act of May* 31, 1893.

Under the act of May 31, 1893, P. L. 185, judgment cannot be entered for certain amounts claimed by plaintiff but denied by defendant to be due, although the court decides that the affidavit of defence is insufficient as to such amounts, while sufficient as to other portions of the claim. Such a case is not brought literally within the terms of the act, namely, that the amounts are admitted to be due.

Argued Jan. 15, 1894. Appeal, No. 71, Jan. T., 1894, by defendant, Patrick K. Daly, from order of C. P. No. 1, Phila. Co., March T., 1893, No. 275, making absolute rule for judgment for want of sufficient affidavit of defence in favor of Mary G. Reilly et al., to use of Thomas D. McGlathery. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ.

Rule for judgment for want of sufficient affidavit of defence.

Plaintiff in his statement claimed to recover $440 under an agreement in writing entered into by defendant. He averred that defendant, as executor of Thomas Costigan, deceased, had charged excessive commissions in his account, and when his account was called for audit had agreed, in consideration of the distributees not asking for a surcharge, to pay his own counsel fees. The writing was as follows, signed by T. D. McGlathery and P. K. Daly : " Daly will pay Boyd (his counsel) whatever fee the court allows him out of his amount of commissions allowed in the account, and the estate will not be charged with any amount as fee to Boyd."

Plaintiff also averred that defendant had agreed to pay to the distributees $116.50, excess of lawful commissions, if they would not ask a surcharge.

Plaintiff also claimed to recover $173 on the following order, signed by Henry M. Boyd, which plaintiff claimed defendant had accepted :

" Philadelphia, May 3, 1892, I hereby authorize and direct Patrick K. Daly, trustee of estate of Thomas Costigan, deceased, to pay Thomas D. McGlathery, attorney for heirs, $173, and charge and deduct this amount from fees allowed in the adjudication filed April 13, 1892."

Plaintiff further averred in his statement that the distributees

of the estate of Thomas Costigan, deceased, had made an assignment to him for a valuable consideration of all their claims against defendant.

Defendant averred in his affidavit of defence:

"That it is true he was the executor and trustee under the will of Thomas Costigan, deceased, and filed his account in the orphans' court, which was audited, and the adjudication now remains of record in said court as plaintiffs aver, a copy of which they have failed to attach to their statement of claim.

"That it is untrue that defendant admitted that his commissions were excessive, and the questions of commissions and counsel fee were submitted to and passed upon by the orphans' court, defendant being represented by counsel.

"That any agreement made on his behalf by his counsel, Henry M. Boyd, Esq., (now deceased) to refund to the distributees of the estate of Thomas Costigan, deceased, as executor, was without consideration and beyond the scope of counsel's authority.

"That the agreement signed by defendant to pay Boyd's fee out of his commissions, while being without consideration, has been settled by the settlement and releases with the distributees hereinafter mentioned.

"That the adjudication of the orphans' court in the matter has been confirmed absolutely and all the awards paid, excepting a balance with accrued interest amounting to $994.04, and a mortgage of $500 and one year's interest thereon, which was held by defendant, pending litigation between the distributees over matters arising immediately after the awards were made.

"That the defendant has paid and settled with all the plaintiffs, and has been released from all demands, except the above mentioned sum of $994.04 and the said mortgage of $500.

"That the litigation among the distributees has been settled, and the orphans' court, upon the petition of the use plaintiff, issued its writ of fieri facias against the defendant for the sum of $1,650, which, on June 24, 1893, upon the application of defendant's counsel, joined therein by the use plaintiff as counsel for all the distributees of the said estate, was amended so that the same should issue for the said sum of $994.04, above mentioned, and on the same day that amount was paid to the sheriff of Philadelphia and so returned by him.

" That the above mentioned mortgage of $500 was assigned oy defendant to Catharine Gallagher, one of the distributees, pursuant to an arrangement made between all the parties to this suit.

" That the order of Henry M. Boyd upon defendant, dated May 3, 1892, for $173, was never accepted by the defendant; on the contrary, the said Boyd being largely indebted to him, he refused to accept and honor the same.

" That the whole estate has been audited and settled by the orphans' court, and all awards paid and releases given to the defendant by all the plaintiffs, long prior to their assignment to the use plaintiff, except the balance paid to the sheriff upon the execution above mentioned.

Defendant, in a supplemental affidavit of defence, averred :

" That he did not agree to pay to the distributees whatever fee was allowed his counsel by the orphans' court, as alleged in the statement filed; on the contrary, he was at the bar of the court and had no conversation with the distributees, but did to their counsel assent to the payment of so much of his counsel's fee as the orphans' court should deem excessive. That the memorandum signed by him was presented to him in the haste and excitement of the court room, and does not contain the agreement as he made it, nor was there any consideration for the same, except a threat to object to his commissions, which were not excessive, to wit: $2\frac{1}{2}$ per centum upon $31,539.69, the proceeds of real estate. That the orphans' court did reduce defendant's counsel's fee from $500 to $440; to wit, $60.00, which the defendant is ready to pay.

" That he has had and made a full settlement with all the distributees prior to their assignments to the plaintiff, and received from them releases of all demands due by him, except the sum of $2,800 (clerical error, should be $994.04), which was retained by him upon their express directions to pay orders given upon him by them, which sum has since been disbursed and paid, and full acquittance been given."

The court made absolute a rule for judgment for want of a sufficient affidavit of defence, assessing the damages at $846.71.

*Error assigned* was order as above.

*Albert E. Peterson*, for appellant.—An averment, in an affidavit of defence, that words contrary to the express understanding and agreement of the defendant were inserted in an obligation, is sufficient to justify submission of case to jury: Ecoff v. Gillespie, 13 W. N. 564 ; Church v. Jones, 132 Pa. 462.

Without a written acceptance by defendant or his authorized agent, there could be no recovery against him upon the order: Act of May 10, 1881, § 1, P. L. 17; Maginn v. Bank, 131 Pa. 362.

The affidavit and supplemental affidavit aver facts which, if proved on the trial, would oblige plaintiff to give evidence, dehors the instruments sued upon. It has been held that such averments justify the submission of the case to a jury: Hutchison v. Boggs, 28 Pa. 294; Converse v. Colton, 49 Pa. 346; Thompson v. Clark, 56 Pa. 33; Kaster v. Welsh, 157 Pa. 590.

*J. C. Stillwell*, for appellees.—An affidavit of defence should aver distinctly every fact necessary to constitute a defence; nothing should be left to inference : Peck v. Jones, 70 Pa. 83.

It has been held that it is only when a chancellor would reform the instrument that parol evidence is admissible to contradict it, and the evidence must be clear, precise and indubitable: Murray v. R. R., 103 Pa. 37; Phillips v. Meily, 106 Pa. 536 ; Sylvius v. Kosek, 117 Pa. 67; Jenks v. Fritz, 7 W. & S. 201.

A mistake has been defined to be " that result of ignorance of law or fact, which has misled a person to do an act which, if he had not been in error, he would not have done: " Bisph. Eq. § 185; Bruse v. Nelson, 35 Iowa, 160.

A defendant should specifically state what the parol agreement is. He should state it so clearly that the court may decide whether it is not substantially the same as the writing: Fox v. Sheldrake, 1 Del. Co. R. 22; McBrier v. Marshall, 126 Pa. 390 ; Johnson v. Blain, 126 Pa. 426 ; Ecoff v. Gillespie, 13 W. N. 564.

Acceptance of the order was not necessary: Act of May 10, 1881, P. L. 17; Maginn v. Bank, 131 Pa. 362.

An equitable assignment of a part of a fund may be made · Hazleton Co. v. Improvement Co., 143 Pa. 581.

An affidavit of defence must not be evasive: Lehman v. Jaquett, 5 W. N. 183.

Payments and releases must be set out fully as to the dates, amounts, from and to and by whom made: McCracken v. Congregation, 111 Pa. 106; Blackwood v. Dean, 5 Lanc. L. R. 213; Hiestand v. Williamson, 128 Pa. 122. It is not sufficient to state that defendant has receipts for the money claimed: B. Association v. Phillips, 1 Luz. Leg. Rec. 104. Payments must be expressly stated to have been made on account of the claim in suit: Selden v. Bld. Assn., 81* Pa. 336. The consideration for the release must be shown: Kaufman v. Cooper Iron Co., 105 Pa. 537.

It is a fatal defect in an affidavit of defence to refer therein to a material paper which is accessible, without annexing a copy thereof, that the court may judge of the legal import of its terms: Erie City v. Butler, 120 Pa. 374.

An instrument of writing is within the affidavit of defence law, if it be for the payment of money as contra-distinguished from one for the performance of any collateral undertaking, though not exhibiting on its face a prima facie right in the plaintiff to recover, if supplemented with such averments of facts as, with the instrument itself, would warrant a verdict for plaintiff: Vulcanite Paving Co. v. Phila. Traction Co., 115 Pa. 280.

The practice act of May 25, 1887, P. L. 271, embraces not only such instruments for the payment of money as were within the affidavit of defence law prior thereto, but also all actions sounding in contract: Bradley v. Potts, 2 Dist. R. 79.

It is respectfully suggested that, if the court is of the opinion that the affidavits present a sufficient defence to any of the plaintiffs' three items of claim, then the judgments entered in the case should be permitted to stand as to such items as to which the affidavits do not present a sufficient defence, and a venire awarded as to the former, only, under the provisions of the act of May 31, 1893, P. L. 185.

OPINION BY MR. JUSTICE GREEN, February 12, 1894:

It must be confessed that the plaintiffs displayed but little wisdom in accepting the defendant's promises to pay them for excessive charges in his accounts, instead of corrections of the

accounts by the decree of the auditing judge.   But whether wise or unwise, the defendant's promise to pay whatever fee should be allowed to his counsel, out of his commissions, and that the estate should not be charged with any amount as a fee to his counsel, was in writing, and his affidavits set forth no real defence to it.   It is of no consequence to say that it was signed by him "in the haste and excitement of the court room," and "does not contain the agreement as he made it."   Such allegations are totally insufficient to set aside written agreements.   There is no allegation of fraud, misrepresentation or mistake, or that he was induced by any parol promise which was subsequently broken, to sign the agreement, and nothing short of such defences could be heard against the contract.   We think the affidavits disclose no defence against this part of the claim.

As to the item $116.50 for excessive commissions charged in defendant's second account, he makes no defence at all except the general release subsequently asserted which will be presently considered.

As to the item of $173, it is founded upon a written order given by Boyd, defendant's counsel, on the defendant, for the payment of that amount of money out of the fees allowed him in the adjudication made by the orphans' court.   The claim is only made upon the order, and not upon any promise of defendant to accept such an order, or any order, drawn by Boyd.   It was never accepted by Daly and therefore he is not liable upon it as an order for the payment of money.   Maginn v. Dollar Savings Bank, 131 Pa. 362;  Hazleton Co. v. Improvement Co., 143 Pa. 581.   As an equitable assignment of a fund it is of no avail against the affidavit of defence, which alleges that the acceptance was refused because Boyd was largely indebted to him. · We do not think it was necessary for the defendant to go into a minute specification of such indebtedness in an affidavit of defence, as the unaccepted order created no prima facie liability on Daly's part which he was bound to dispel by alleging a specific set-off.   Any indebtedness from Boyd to him which did not leave the clear sum of $173 due to Boyd, would be a sufficient reason for refusing to accept, and as there is nothing on the record showing such an amount of indebtedness affirmatively, a denial of it is enough to carry the question to a jury, where the whole subject can be heard and determined.

So far as the alleged releases are concerned they amount to nothing, for several reasons, one of which is alone sufficient to demonstrate the inadequacy of their allegation. The alleged promises of the defendant to pay were outside of the balances determined by the accounts to be due to the heirs, and therefore any releases of such balances would be no reply to such promises. Moreover the affidavits do not annex any copies of the releases nor disclose their contents, nor do they give any particulars from which their applicability to the defendant's promises of payments can be determined.

It is not clear that judgment can be entered for the plaintiffs under the act of May 31, 1893, P. L. 185. That act only provides that judgment may be taken for such amounts of the plaintiff's claim as are admitted to be due, and that execution may issue for such admitted indebtedness, with a right to proceed to trial for the remainder of the claim. It was doubtless passed to settle all doubts upon that subject, as there were different opinions relating to it. But it would be inapplicable in this case because these affidavits do not admit anything to be due. While in our opinion they are insufficient as to two items of the claim, they are not admissions of the correctness of those items, and literally the case is not brought within the terms of the act. We feel obliged with some reluctance to reverse the judgment because of the situation as to the third item of the claim.

Judgment reversed and procedendo awarded.