# William S. Muir, Appellant, *v.* John H. Shinn.

*Practice, C. P.—Affidavit of defense—Judgment for part of claim.*

Under the Act of May 31, 1893, P. L. 185, the court cannot enter judgment for part of the claim upon a motion for judgment for want of a sufficient affidavit of defense, no matter how insufficient the affidavit of defense may be as to such part if it is sufficient as to any portion of the claim. Reilly v. Daly, 159 Pa. 605, followed.

Argued March 11, 1896. Appeal, No. 47, Nov. T., 1895, by plaintiff, from order of C. P. 3, Phila. Co., Sept. T., 1895, No. 238, discharging rule for judgment for want of a sufficient affidavit of defense. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Rule for judgment for want of sufficient affidavit of defense.

The question raised by this appeal is fully disclosed by a copy of the statement of claim and affidavit of defense which are herein set out.

### " STATEMENT.

"In the early part of January, A. D. 1893, plaintiff and defendant became associated in and carried on business as a partnership in the City of Philadelphia, for the handling and sale of a mineral water known as the 'Londonderry Lithia Water.' Plaintiff put into the said partnership business the sum of one hundred dollars of his own money. On eighteenth of March, A. D. 1893, the defendant wrote a letter to plaintiff, a true copy of which is hereto attached and made part of this statement of claim, claiming that the partnership had terminated, that he, defendant, was going on with the business, and offering in settlement of the interest between them as partners, to pay plaintiff, for his interest, such amount of money as he had put into the business, which, as alleged above, was one hundred dollars.

" On twenty-sixth of March, A. D. 1893, plaintiff wrote a letter, a true copy of which is hereto attached and made part of this statement of claim, accepting the offer of defendant to pay him all he had invested in the business.

" Defendant has never paid plaintiff either the whole or any part thereof, although many times requested to do so, and plaintiff therefore brings this suit to recover the same.'·

"AFFIDAVIT OF DEFENSE.

"John H. Shinn, the defendant in the above suit, being duly affirmed according to law, deposes and says that he has a just, true and legal defense to the whole of plaintiff's claim as set forth in the statement filed of the following nature and character, to wit:

"Defendant admits that plaintiff and himself were associated as co-partners, and carried on a business as set forth in plaintiff's statement, and that he wrote a letter to plaintiff and received from plaintiff a letter, copies of which letters are attached to plaintiff's statement. Defendant denies that plaintiff ever put into the said partnership business the sum of one hundred dollars ($100), but avers that the amount of capital put into said business by plaintiff was ninety-two and $\frac{26}{100}$ dollars, $92.26). Defendant further avers that subsequently to the twenty-sixth day of March, 1893, plaintiff's attorney wrote him a letter refusing to accept in settlement the amount offered by defendant in defendant's letter of March 18, 1893, and insisting upon an accounting of the partnership business, and upon such accounting it was found that there had been a loss in said business, and that plaintiff was therefore indebted to defendant for plaintiff's one half share of said loss. Defendant avers that plaintiff has never paid to him plaintiff's one half share of said loss, and is liable for further losses resulting from contracts made by said firm. Defendant denies that he is bound at present by the compromise agreement set forth in the letters, copies of which are attached to plaintiff's statement because said compromise agreement was deliberately annulled by said plaintiff and has never since been renewed. Defendant further denies that he is indebted to plaintiff in any sum or amount whatever as alleged and claimed by plaintiff in said statement of claim filed.

"All of which facts are true to the best of deponent's knowledge, information and belief, and which he expects to prove upon the trial of this case."

The court entered a decree discharging rule for judgment for want of a sufficient affidavit of defense.

*Errors assigned* were (1,2) discharging rule for judgment and refusing judgment in favor of plaintiff.

*A. E. Stockwell* and *W. H. Woodward*, for appellant.

*George Gluyas Mercer*, for appellee.

OPINION BY REEDER, J., July 16, 1896 :

When this case was called for argument, the appellee not being present, it was considered upon the written and oral argument of the appellant. When our attention was called to the fact that the time fixed for the argument was a mistake and the absence of the appellee was through no error or fault of his, a reargument was ordered and at the reargument both sides were represented and heard. It appears upon an examination of the case that the amount claimed by the plaintiff in his affidavit of claim was $100 ; to part of this claim ($7.74) the affidavit of defense is full and adequate, as to the balance of the claim ($92.26) the affidavit of defense is in our opinion insufficient and inadequate. By the construction of the Supreme Court of the act of May 31, 1893, we cannot however enter judgment for a part of the claim upon a motion for judgment for want of a sufficient affidavit of defense, no matter how insufficient the affidavit of defense may be as to such part if it is sufficient as to any portion of the claim : Reilly et al. v. Daly, 159 Pa. 605. Justice GREEN in delivering the opinion of the court says, " It is not clear that judgment can be entered for the plaintiffs under the act of May 31, 1893, P. L. 185. That act only provides that judgment may be taken for such amounts as may be admitted to be due, and that execution may issue for such admitted indebtedness with a right to proceed to trial for the remainder of the claim. It was doubtless passed to settle all doubts upon that subject, as there were different opinions relating to it. But it would be inapplicable in this case because these affidavits do not admit anything to be due. While in our opinion they are insufficient as to two items of the claim they are not admissions of the correctness of three items and literally the case is not brought within the terms of the act."

This case is ruled by Reilly v. Daly.

Judgment affirmed.