Warwick Ganor *v.* Gustav Hinrichs and Alfred Hoegerle, now, or lately, trading as "The Hinrichs Grand Opera Company," Alfred Hoegerle, Appellant.

*Practice, C. P.—Affidavit of defense—Act of 1893—Amount admitted to be due.*

Where an affidavit of defense is neither equivocal nor evasive and where it contains no distinct admission that defendant owes the plaintiff any sum whatever, the case is not within the act of 1893, P. L. 185, relative to taking judgment for the amount admitted to be due.

*Practice, C. P.—Affidavit of defense—Sufficiency.*

A judgment is erroneously entered against two alleged partners where the affidavit of defense denies the existence of such partnership and the employment of plaintiff by the deponent partner.

Argued Oct. 7, 1896. Appeal No. 25, Nov. T., 1896, by Alfred Hoegerle, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1895, No. 849, in favor of plaintiff for want of a sufficient affidavit of defense. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Assumpsit to recover $591 for services.
The docket entries disclose the record as follows:

| J. R. GRIER 849 F. L. LYLE for G. HINRICHS and A. HOEGERLE Nov. 7, 1895. | WARWICK GANOR vs. GUSTAV HINRICHS and ALFRED HOEGERLE, now, or lately, trading as "The Hinrichs Grand Opera Company." | C. P. No. 3, Sept. Term, 1895. Sums. Assumpsit. Exit Oct. 30, 1895. Ret. 1 Mon., Nov., 1895. Served. |

Oct. 30, 1895, Statement filed.

Nov. 12, 1895. Affidavit of defense of Gustav Hinrichs filed. Eo die, affidavit of defense of Alfred Hoegerle filed.

Nov. 14, 1895. Rule for Judgment for want of a suff. affi. of defense.

Dec. 2, 1895.   Rule withdrawn.

Dec. 3, 1895. · Record amended by striking out names of Hinrichs and Hoegerle as defendants—the word "limited" inserted after Grand Opera Company—granted, Dec. 2, 1895.

Dec. 2, 1895. Rule for Judgment against Opera Company. Dec. 21, 1895. Rule withdrawn.

Dec. 13, 1895. Affidavit of defense of "The Hinrichs Grand Opera Co., Ltd.," filed.

Dec. 18, 1895. Rule for leave to withdraw amendment of Dec. 2, 1895.

Dec. 21, 1895. Rule absolute. ·

Dec. 18, 1895. Rule for Judgment for amount admitted in original affidavit of defense.

Jan. 25, 1896. Rule absolute. Judgfor $291.00.

Jan. 29, 1896. Damages assessed at $291.00.

Feb. 14, 1896. Appeal of Alfred Hoegerle, one of the defendants, to Superior Court, from Judgment of January 25, 1896, filed.

Eo die. Affidavit filed.

Feb. 14, 1896. Bond on Appeal, filed.

Other facts appear from the opinion of the Superior Court.

*Errors assigned* were, (1) entering judgment for plaintiff; (2) entering judgment for amount admitted.

*Franklin L. Lyle*, for appellant.

*Jay R. Grier*, for appellee.

OPINION BY RICE, P. J., November 9, 1896:

The plaintiff sued Gustav Hinrichs and Alfred Hoegerle,

now or lately trading as The Hinrichs Grand Opera Co., and claimed to recover a balance of $591 for services rendered in the years 1893, 1894, 1895 as an opera singer under a contract with the defendants.

Hoegerle filed an affidavit of defense, of which the following is the material part: "Deponent has been sued with Gustav Hinrichs, now or lately trading as 'The Hinrichs Grand Opera Company.' That no such partnership ever existed between deponent and Gustav Hinrichs or any other person. That deponent never employed the plaintiff, nor authorized any one to do so for him. That deponent was the treasurer of 'The Hinrichs Grand Opera Company, Limited,' which employed the plaintiff in 1894. That in 1895 the deponent was employed by Gustav Hinrichs as business manager."

Hinrichs filed an affidavit averring that, in the year 1894, the plaintiff was employed by "The Hinrichs Grand Opera Co., Limited," and that, in the year 1895, he was employed by him personally and was discharged for cause.

The plaintiff took a rule for judgment for want of a sufficient affidavit of defense which he subsequently withdrew and then obtained an order amending the record by striking out the name of Hinrichs and Hoegerle, as parties, and leaving the suit to stand against "The Hinrichs Grand Opera Co., Limited."

The secretary of that company then filed an affidavit of defense, denying that the plaintiff was employed by them in the year 1893 or 1895, but admitting that he was so employed in the year 1894 for a period of ten weeks at a salary of $50.00 a week, and that he had been paid on account of such salary $330.

At this stage of the proceedings the plaintiff seems to have thought it advisable to pursue the original defendants. Accordingly he obtained two rules, one for leave to withdraw the amendment heretofore referred to, and the other to show cause why judgment should not be entered for the amount admitted to be due in the original affidavit of defense. The first of these was made absolute on December 21, and on a later date the second was made absolute for $291, which was the amount claimed to have been earned in the years 1893 and 1895.

Judgment having been formally entered against both Hinrichs and Hoegerle for this sum, the latter appealed to this court.

Without commenting on the regularity of the intermediate

proceedings, it is sufficient for present purposes to say, that after the court made absolute the rule for leave to withdraw the amendment of December 2, 1895, the case stood as it did when Hoegerle filed his affidavit of defense. As he unequivocally denied that he was a partner with Hinrichs, and that he had ever employed the plaintiff directly or indirectly, it is difficult to see upon what theory the affidavit could be held insufficient as to any portion of the plaintiff's claim. In view of these explicit denials, the further averment that the plaintiff was employed by " The Hinrichs Grand Opera Company, Limited," in the year 1894, without averring by whom he was employed in the years 1893 and 1895, cannot be construed as an implied admission that he was employed by the defendant. We do not think that the affidavit of defense is equivocal or evasive, and it is very certain that it contains no distinct admission that the defendant owes the plaintiff any sum whatever. The case is not within the act of May 31, 1893 (P. L. 185), relative to taking judgment for the amount admitted to be due : Reilly v. Daly, 159 Pa. 605 ; Muir v. Shinn, 2 Pa. Superior Ct. 24 ; New Castle v. Electric Co., 2 Pa. Superior Ct. 228.

The judgment is reversed and a procedendo awarded.