## Mary G. Reilly and John M. Gallagher, Executor of L. Sterling Costigan to the use of Thomas D. Mc-Glatherty *v.* Patrick K. Daly, Appellant.

*Affidavit of defense—Executors—Parol evidence to vary writing.*

Where an executor agrees in writing to pay, out of his commissions, whatever fee should be allowed to his counsel, and that the estate should not be charged therefor, he cannot, in an action to recover from him the amount of the fee, allege that the writing was signed by him " in the haste and excitement of the courtroom," and did not contain the agreement as he made it. In the absence of any allegation, in the affidavit of defense, of fraud, accident or mistake, or that he was induced to sign by a parol promise which was subsequently broken, judgment will be entered against him for want of a sufficient affidavit of defense.

*Executors and administrators—Release.*

Where an executor promises to pay to the distributees of the estate certain moneys outside of the balances determined by the accounts, a release, by the distributees, of the balances, does not apply to the executor's promises.

*Evidence—Compromise agreement as basis of adjudication.*

An agreement of compromise, pending an adjudication in the orphans' court having been reached and the adjudication based thereon and there being no attempt to contradict the record of the orphans' court, offers of evidence tending to show the basis of agreements which preceded the adjudication were properly admissible.

*Evidence—Declarations of defendant in another case inadmissible.*

The declarations of defendant made in another suit between a different plaintiff and himself is inadmissible, and the offer of an affidavit disclosing such declarations was properly rejected in a case not between same parties.

Argued Oct. 14, 1896. Appeal, No. 109, Nov. T., 1896, by defendant, from judgment of C. P. No. 1, Philadelphia Co., March T., 1893, No. 275, on verdict for plaintiffs. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit to recover money due as per agreement.

The facts in this case briefly stated from the evidence, are as follows :

Mr. Daly, the defendant, was the executor of Thomas Costigan, deceased. He filed three accounts. In the second and third accounts he claimed credit for commissions as executor in

excess of the amounts which the legal plaintiffs in this case, who were the beneficiaries under the will of Mr. Costigan, thought that he was entitled to; and at the audit of the second account, in consideration of no objection being made to the item of commissions, Mr. Daly signed a paper, wherein he agreed that he, Mr. Daly, would individually pay any fee that the court might allow his counsel, Mr. Boyd, and that the estate should not be charged with any such fee. The court allowed Mr. Boyd a fee of $440, which was deducted from the balance for distribution, and was paid by Mr. Daly out of the moneys of the estate. This is the first item of the plaintiff's claim.

On the audit of the third account, in consideration of no objection being made to the item of credit therein for his commissions, Mr. Daly again individually agreed to pay the plaintiff the difference between a commission of two and a half per cent (charged on the value of real estate which had not been sold, but which had been taken by the beneficiaries, and to which commission the latter objected), and a commission of two per cent, which they were willing to allow. This difference was $116.50. In consequence of Mr. Daly's agreement, there was no objection made to his commissions, as was proved by oral testimony, and by the adjudication of Ashman, J., which was admitted in evidence. This $116.50 forms the second item of the plaintiff's claim. For a fuller history of the case see statement of facts in Reilly v. Daly, 159 Pa. 606.

*Errors assigned* were :

(1) In admitting testimony as follows :

" Q. You represented some of the heirs of Thomas Costigan at the hearing in the orphans' court when the second account of Mr. Daly came up? A. I did. Q. Was an objection made to Mr. Daly's commissions in that account? A. I objected to them. Q. What were the commissions ? A. The commissions in the account were charged at five per cent. (Objected to.) Q. Before the case was heard, or while it was being heard, and before it was adjudicated, was any objection made to Mr. Daly —to his commissions in that account? "

Objected to. Objection overruled. Exception to defendant.

(2) In admitting testimony as follows :

" Q. Will you be kind enough to read that agreement?

A. Daly will pay to Boyd whatever fee the court allows him out of his amount of commissions allowed in this account, and the estate will not be charged with any amount as a fee to Boyd. Signed, T. D. McGlathery, P. K. Daly."

Objected to. Objection overruled. Exception noted for defendant.

(3) In admitting testimony as follows :

" Q. I will now ask you whether or not any fee was allowed to Mr. Boyd ? A. I might say that the court took notice that five per cent on the real estate was an unusual charge. He called Mr. Daly to state to the court why he asked for an allowance of five per cent."

Objected to. Objection overruled. Exception noted for defendant.

(4) In admitting testimony as follows :

" Q. Did you say that you made a memorandum of the $440, and what else ? A. $116.50. This was made in Mr. Daly's and Mr. Gallagher's presence in Judge Ashman's room, on a slip of paper on the desk."

Objected to. Objection overruled. Exception noted for defendant.

(5) In sustaining the plaintiff's objection to the admission in evidence of the record of the court of common pleas No. 1, December term, 1892, No. 185, in which the plaintiff, as counsel for the defendant, nearly a year after the last adjudication, prepared and filed, on behalf of the defendant, the following affidavit upon which a judgment against the defendant (and in which plaintiff's assignors were interested) was opened.

*Albert E. Peterson,* for appellant.—It is submitted that the testimony of loose conversations and memoranda made at or before the adjudication of the questions involved in them should not have been admitted by the court below when the solemn adjudication and record of that court show that these very questions were considered and settled, and were the best evidence of what took place at the audit. The record of a court imports absolute verity and cannot be contradicted by evidence, though by a witness of the best credit : Adams v. Betz, 1 Watts, 425 ; Hoffman v. Coster, 2 Whart. 453. The bar to this action which the record of the orphans' court affords could not be re-

moved or qualified by the evidence admitted and assigned as error: Besecher v. Flory, 176 Pa. 23.

*J. C. Stillwell*, for appellees.—The cases stated by the appellant have no application to the case at bar. The question raised by the assignments have been settled by the Supreme Court in an appeal of this case by the appellant on the judgment of the court below upon his affidavit of defense: Reilly v. Daly, 159 Pa. 605. It has been held in Kaster v. Welsh, 157 Pa. 590, that where there is evidence dehors the record as to what was included in another action the question must be submitted to the jury.

OPINION BY BEAVER, November 9, 1896:

This case at an earlier stage of its procedure was in our Supreme Court and, in all its essential features, was disposed of in an opinion by Mr. Justice GREEN. At that time an appeal was taken from the decree of the court below, entering judgment for the plaintiff for want of a sufficient affidavit of defense. The two items contained in the statement of the plaintiff below for which recovery has been had in the verdict and judgment from which the appeal has been taken in the present state of the case were held by the Supreme Court to be valid and that the defendant's affidavit disclosed no defense thereto. The judgment of the court below was reversed, because of a third item which was included in the statement at that time but which has been eliminated from the case since, and for which there was no recovery at the trial in the court below: Reilly et al. v. Daly, 159 Pa. 605.

On the trial of the case all the defendant's points were severally affirmed. The appellant assigns no error to the charge of the court or to the answers to the points presented by plaintiff and defendant. The specifications of error refer exclusively to the admission and rejection of testimony.

The first, second, third and fourth assignments all relate to the testimony offered by the plaintiff as to the agreement or agreements between the plaintiff and the defendant which preceded the confirmation in the orphans' court of Philadelphia of the several accounts of the defendant as the executor and trustee under the will of Thomas Costigan, of whom and under which the

plaintiffs were beneficiaries and as to charges for commissions which were objected to and formed the consideration of said agreements. No effort was made nor did any of the offers complained of attempt to contradict the record in the orphans' court. The substance of all these offers was to show the basis of the agreements which preceded the adjudication made by the orphans' court, and without which such adjudication would probably not have been made. The appellant wished his accounts confirmed as filed, and was willing and agreed to pay the plaintiffs for allowing such confirmation. There is no contradiction nor attempt to contradict in the most remote degree a record of the orphans' court.

As to the fifth assignment of error, the offer of the defendant to introduce an affidavit, made in another case between a different plaintiff and himself, filed in his behalf by the use plaintiff, as his attorney, was very properly rejected. It was simply the declaration of the defendant made in another suit in which it is true the use plaintiff was his attorney, but that fact in no way tended to make the affidavit either relevant or competent testimony. The mere knowledge of facts alleged by the defendant in the affidavit on the part of the use plaintiff did not in anyway bind him, much less did they bind the legal plaintiffs upon the validity of whose claim recovery was had.

The appellant endeavors to neutralize the judgment of the Supreme Court by alleging that the facts, as they now appear in the record, were not before that court, and that a different case is presented here from that upon which the Supreme Court passed. It is sufficient to say in this behalf that the allegations of fact contained in the affidavit of defense were treated as verity and that the affidavit contained all that the defendant could allege as a defense to the plaintiff's claim. His case as contained in the affidavit of defense was quite as strong as that developed in the trial.

Upon principle, therefore, as well as upon authority, the judgment of the court below should be, as it now is,

Affirmed.