I. N. Miller and James E. Galer, partners, doing business as the Great Western Copying Co. v. The Iron City Mutual Fire Insurance Co., Appellant.

*Insurance—Effect of draft given in settlement.*

A draft given in the settlement of an insurance claim on which payment was subsequently refused is not such a conclusive and final payment as will preclude a valid defense by the company in a suit on the policy.

*Insurance—Fraud—Sufficiency of affidavit of defense.*

An affidavit of defense in a suit to recover on a draft given in settlement of a fire loss, is sufficient which positively avers fraud in making up proof of loss and fraudulent misstatement as to amount and value of goods destroyed, and that the draft was so issued under belief that the facts contained in the proof of loss were true as therein stated, whereas they were not true but false and fraudulent.

Argued April 12, 1897. Appeal, No. 55, April T., 1897, by defendant, from judgment of C. P., No. 1, Allegheny Co., June T., 1896, No. 497, in favor of plaintiff for want of a sufficient affidavit of defense. Before Rice, P. J., Willard, Wickham, Beaver, Reeder, Orlady and Smith, JJ. Reversed.

Assumpsit on a draft given in settlement of an adjustment of a fire insurance policy. Before Stowe, P. J.

It appeared from the evidence that plaintiff suffered a loss of his stock of pictures, office furniture, etc., which were insured

in three companies (of which the defendant company was one, to the extent of $1,116.66. The fire occurred July 17, 1895. On February 13, 1896, proof of loss was filed showing a loss of $2,298.24 which was reduced on adjustment to $1,600. Defendant's adjuster drew a draft on the company to the order of the plaintiff at sixty days for defendant's share of the said adjustment, which amounted to $533.33. This draft was accepted by the company February 13, 1896. The draft was not paid when due, and upon suit being brought the defendant company filed an affidavit of defense alleging, inter alia, as follows:

On February 13, 1896, when the draft sued upon was given, this affiant and other officers of defendant company, believed the statements contained in said proofs of loss (exhibits " B " and " C ") to be true, and upon the strength of that faith and belief, the draft was drawn, accepted and delivered. That shortly after the draft in question was given, defendant company received information that aroused its suspicions and led to an investigation, which resulted in showing that plaintiffs' representations as to the character, amount and value of the property lost were false and fraudulent. Example : "Eighth item, schedule B, ' Exhibit C,' hereto attached, first fifteen lines claims for eight hundred and twenty crayons, water colors, etc., valued at $1,451.45, which statement was false and fraudulent, and must have been made knowingly and for the purpose of deceiving the defendant company, and defendant company was thereby deceived and induced to issue to the plaintiffs the draft sued upon.

" The defendant company avers that the actual cash value of the crayons, water colors, etc., above referred to, valued by plaintiffs at $1,451.45, was not in excess of $200. And further, that the draft sued upon was obtained by the above and other false and fraudulent representations of the plaintiffs ; all of which defendant company expects to be able to prove on the trial of this case."

The court entered judgment in favor of the plaintiff for $348.93. Defendant appealed.

*Error assigned* was the entry of judgment.

*C. C. Brock* of *Iams & Brock*, for appellant.

The appellee submitted no paper-book.

OPINION BY WILLARD, J., May 3, 1897:

In Dennis v. Insurance Company, recently decided by this court (4 Pa. Superior Ct. 225), we held that a draft given by an insurance company in settlement of a claim for loss by fire was not a payment of the claim where the amount of the draft was based upon proof of loss sworn to by the insured, where there was also evidence of fraud on the part of the agent of the insurance company in instructing and directing the insured to state his loss in the proofs far below its true value. In the case before us the suit was for the recovery of $533.33 upon a draft given by the appellant to the appellees in settlement of a loss by fire under a policy of insurance forming the contract between the parties. The draft is fully set forth in plaintiff's statement of claim and copy thereof attached. By an examination of appellee's proofs of loss, exhibits A and B attached to and made part of the affidavit of defense, it appears that the appellee had insurance in three companies amounting to $3,500, one third in each company; that the sound value of the property insured at the time of the fire was $4,112.95; that the loss or damage by fire was $2,506.17; most of the loss, to wit, $1,957.93, is fully set forth in the eighth item of schedule B, in that item claim being made for eight hundred and twenty crayons of the value of $1,451.45. It is positively averred in the affidavit of defense that in making up the proofs of loss the appellee knowingly and fraudulently misstated the number of crayons destroyed, and the value thereof, as they actually lost not exceeding one hundred and fifty in number and the cash value thereof did not exceed $200.00. It is further stated and averred in the affidavit that the draft was issued by the appellant for its proportionate share of the loss, under the belief that the facts contained in the proofs of loss were true as therein stated; and further, that they were not true, but false and fraudulent, being knowingly and fraudulently made by the appellee for the purpose of deceiving the appellant.

If the particular averment as to the difference between the number and value of the crayons actually destroyed by fire, and the number and value as sworn to in the proofs of loss is

true and can be established on the trial, then it will necessarily appear that the draft was given for a much larger amount than the appellant was liable to pay. If, further, it was fraudulently obtained as averred, the affidavit was sufficient to carry the case to the jury. There was no admission of any amount due by the defendant, and where the affidavit is good as to any part of the claim without such admission, judgment cannot be entered for any part not so admitted: Reilly v. Daly, 159 Pa. 605 ; Muir v. Shinn, 2 Pa. Superior Ct. 24.

In this case it will be observed that no rule of court was relied upon in the entry of the judgment.

The judgment is reversed and a procedendo awarded.