## Stuckert *v.* Wedge, Appellant.

*Affidavit of defense—Practice, C. P.—Assumpsit for service as architect—Act of July 15, 1897, P. L. 276.*

In an action to recover for services as architect in drawing plans and specifications, where it appears that after a certain amount of the work had been done, it was discontinued by mutual agreement, and the plaintiff seeks to recover $300, and the defendant files an affidavit of defense alleging that the work was not worth over $100, the court is justified in entering judgment against the defendant for $100.

Argued Dec. 20, 1910. Appeal, No. 15, Oct. T., 1910, by defendant, from order of C. P. No. 1, Phila. Co., Sept. Term, 1909, No. 2,615, making absolute rule for judgment for want of a sufficient affidavit of defense in case of F. Russell Stuckert v. Utley Wedge. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit to recover the sum of $300 for services as an architect.

The defendant in his affidavit of defense denied that the plaintiff's services were worth $300 and averred that said services are not reasonably worth over the sum of $100, which amount the defendant is ready and willing to pay the plaintiff and hereby tenders the same to him in full settlement of his claim.

The court made absolute rule for judgment for $100.

*Error assigned* was the order of the court.

*William V. Collier,* for appellant, cited: Kuhnle v. McKeever, 1 W. N. C. 19.

*Walter Biddle Saul,* for appellee

OPINION BY RICE, P. J., March 3, 1911:

It was alleged in the statement of claim, and admitted

in the affidavit of defense, that the defendant employed the plaintiff to draw plans and specifications for a building but that they were not entirely completed because, as alleged in the statement of claim, the plaintiff was directed by the defendant to stop work, or, as alleged in the affidavit of defense, the parties agreed that work should be discontinued. Under either view of the case the plaintiff was entitled to recover for part performance such compensation as his work up to the time it was discontinued was reasonably worth. This was admitted in the affidavit of defense, but the amount was in dispute, the plaintiff alleging in the statement of claim that it was four-fifths of the price stipulated for the whole work, and the defendant alleging that it was not over $100. While the defendant's allegation does not amount to a direct and positive admission that the services were worth $100, yet it is clear that as to that portion of the plaintiff's claim it presents no sufficient defense. The Act of May 31, 1893, P. L. 185, authorizing the plaintiff to take judgment for the amount admitted to be due by the affidavit of defense, with leave to proceed as to the residue, was construed to apply only to cases where the affidavit clearly admitted a portion of the claim, and not to cases where as to a portion of the claim the affidavit was insufficient: Reilly v. Daly, 159 Pa. 605; Muir v. Shinn, 2 Pa. Superior Ct. 24; Ganor v. Hinrichs, 2 Pa. Superior Ct. 522. This difficulty was overcome by the Act of July 15, 1897, P. L. 276, which provides that if the court shall adjudge any portion or portions of the affidavit of defense to be insufficient in law the plaintiff may take judgment "for the portion or portions of the claim as to which the court shall adjudge the affidavit of defense to be insufficient." Here the plaintiff conformed to approved practice by designating in his rule the portion of the claim, namely, $100, as to which the affidavit was insufficient, and the court properly made the rule absolute for that amount: Smucker v. Grinberg, 27 Pa. Superior Ct. 531 (537).

The judgment is affirmed.