## Taber et al., Appellants, *v.* Olmsted.

*Affidavit of defence—Judgment for amount admitted to be due—Rules of court—Practice.*

Where there is no standing or general rule of court allowing plaintiff to take judgment and have execution for that part of his claim which was admitted, and to proceed in due legal course for the part which is contested, the court has power to make a special order in the particular case to permit the plaintiff so to do.

Defendants admitted a portion of plaintiff's claim and filed an affidavit of defence to. the balance. Plaintiff moved for judgment for want of a sufficient affidavit of defence, and for leave to enter judgment and issue execution for the amount admitted to be due. The court allowed judgment for the amount admitted, and at the same time granted a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence. . Execution was entered on the judgment, and defendant promptly paid the amount to the sheriff. Subsequently the court discharged the rule for judgment on the ground that the proceedings in reference to the admitted part of the claim operated as a satisfaction of the disputed part. *Held,* to be error.

Argued April 26, 1893. Appeal, No. 358, Jan. T., 1893, by plaintiffs, Charles Taber & Co., from order of C. P. Crawford Co., May T., 1891, No. 47, discharging rule for judgment against defendant, Joseph B. Olmsted. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit. Rule for judgment for want of sufficient affidavit of defence, etc.

The "abstract of proceedings" showed the following entries: April 23, 1891, the plaintiffs move for judgment for want of a sufficient affidavit of defence, and for leave to enter judgment and issue fi. fa. for the amount of plaintiffs' claim as to which no defence is made. Same day rule to show cause granted why judgment should not be entered for want of sufficient affidavit

of defence, and judgment allowed as to amount of claim admitted by defendant. April 23, 1891, judgment entered for amount admitted to be due by affidavit of defence—$208.26, with interest from Feb. 1, 1891 ; total amount, $211.10. Fi. fa. issued and money paid by defendant. June 1, 1891, rule to show cause of April 23, 1891, argued and rule for judgment discharged. June 1, 1891, plaintiffs move to set aside judgment as improvidently entered and to open same.

Sept. 14, 1891. The plaintiffs move to amend their motion of April 23, 1891, by inserting after the word " move," the words, " for leave to proceed for balance and," and for a reargument of the rule to show cause granted April 23, 1891. Same day, rule to show cause why amendment should not be allowed as prayed for and reargument allowed. Oct. 12, 1891, reargued, c. a. v. Sept. 12, 1892, rule of Sept. 14, 1891, discharged.

The opinion of the court below was as follows :

" Our rules of court do not provide for judgment as to part of a claim and further proceeding as to the part in dispute. Whenever it is desired to take judgment for an admitted part of a claim and proceed to trial for the balance an order of court to that effect is necessary. The act of 1887 does not change the law in this respect.

" The plaintiff took judgment for a portion of his claim admitted to be due, but did not obtain leave to proceed for the remainder. Afterwards an execution was issued and the judgment collected.

" The motion to open and set aside the judgment is too late after the money has been made and accepted by the plaintiff.

" It was held in Stedman v. Poterie, 139 Pa. 100, and in Blydenstein v. Haseltine, 140 Pa. 120, that only one judgment could be entered except where a general or special rule of court permitted otherwise. When the judgment was collected in this case, therefore, the controversy between the parties was at an end. Such being the case, the rule to amend has nothing to stand on. The rules of June 1, 1891, and Sept. 14, 1891, are discharged."

*Errors assigned* were (1) discharge of rule for judgment for want of sufficient affidavit of defence ; (2) not directing judg-

ment for $104.16, with interest from Feb. 1, 1891; (3) refusal of motion to amend.

*Roger Sherman, Samuel Grumbine* with him, for appellants.— Whenever the manifest justice of the case requires it, and it is not shown that the first judgment was intended to be final, the inclination of the modern cases is to hold it to be interlocutory only: Coleman v. Nantz, 63 Pa. 178; Com. v. McCleary, 92 Pa. 188.

It was decided in Stedman v. Poterie, 139 Pa. 100, that where there is no standing or general rule of court, authorizing such proceeding, the court has the power, and it is the proper practice, to make a special order in the particular case upon motion of plaintiff.

The record in this case shows: (1) The intent of plaintiffs not to put an end to their action. (2) Their intent to proceed to recover the remainder of their claim. (3) The intent of the court to permit plaintiffs to take this course. (4) That, in the absence of a general rule of court, the plaintiffs asked and obtained a special order or rule in the particular case to enter judgment for part and proceed for the balance.

*Julius Byles, Eugene Mackey* with him, for appellee.—After accepting the judgment tendered for part of their claim and issuing an execution, which was paid in full, plaintiffs cannot proceed to trial for the remainder of the claim, there being no rule of court in Crawford county permitting such practice: O'Neal v. O'Neal, 4 W. & S. 130; Brazier v. Banning, 20 Pa. 345.

The court below is the best judge of its own rules: Wickersham v. Russell, 51 Pa. 71.

OPINION BY MR. JUSTICE McCOLLUM, November 13, 1893:

In this case the defendant admitted and tendered judgment for two thirds of the plaintiffs' claim, and filed an affidavit of defence to the balance of it. Thereupon the plaintiffs moved for judgment for want of a sufficient affidavit of defence, and for leave to enter judgment and issue fi. fa. for the amount admitted to be due. Both matters were included in one motion, and by an order indorsed thereon the court granted a rule to

show cause why judgment should not be entered for want of a sufficient affidavit of defence, and allowed judgment to be entered for the amount of the claim admitted by the defendant. The motion and order were made on the 23d of April, 1891, and a judgment for the amount admitted to be due was entered and a fi. fa. issued thereon the same day. The defendant promptly paid the amount of the execution to the sheriff, who paid the same to the plaintiffs. The rule to show cause was argued on the 1st day of June following, and the rule was discharged on the ground that the proceedings in reference to the admitted part of the claim operated as a satisfaction of the disputed part of it. It is manifest from this record that neither the court nor the plaintiffs intended that the action taken by them on the 23d of April should have the effect attributed to it on the 1st of June. It is probable that the plaintiffs would not have accepted a judgment for the admitted part of their claim in satisfaction of the whole of it, and it is quite certain that if they had intended to do so they would not have moved for judgment for want of a sufficient affidavit of defence. Their motion was a plain announcement of their purpose, with the assent of the court, to take judgment for the amount admitted to be due, and to proceed in regular legal course for the disputed balance. The rule to show cause was as plainly referable to this balance as the leave to enter judgment was to the rest of their claim. Assuming that the order of April 23, 1891, was valid, it was the clear duty of the court to pass upon the affidavit, and if it contained a good defence to discharge the rule and send the case to a jury, but, if it was deemed insufficient, to make the rule absolute and enter judgment for the plaintiffs for the disputed portion of their account. It will be observed that we regard the order referred to as a permission to the plaintiffs to have judgment for and receive the sum admitted to be due them, and to proceed for the residue. If the court had intended that their acceptance of the admitted sum should be a bar to further proceedings for the balance claimed by them, it would not have granted the rule to show cause. But the court having granted, and the plaintiffs having acted upon this permission, the court could not subsequently recall it.

We have thus far considered the order as within and a proper exercise of the power of the court. Are we right in so consid

ering it? That the court might have adopted a general rule under which the plaintiffs would have been at liberty to proceed as they now claim they may do under the order in question, is not denied, and it cannot well be, in view of our decisions on the subject. These decisions are cited and the rules deducible from them clearly stated by our brother MITCHELL in Stedman v. Poterie, 139 Pa. 100. It may be conceded that the better practice would be to exercise this power in the form of a general rule, but such concession does not involve a denial of the right to exercise it by special rule or order in cases as they arise. A general rule or special order which allows the plaintiff to take judgment and have execution for that part of his claim which is admitted, and to proceed in due legal course for the part which is contested, does no injustice to the defendant. It merely facilitates the collection of that which he admits he owes, without abridging in any respect his opportunity for defence to that which he disputes.

Whether the affidavit of defence is sufficient to prevent judgment for the balance of the plaintiffs' claim is a question not yet passed upon by the learned court below, and, until it is, we decline to consider it.

The order discharging the rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence is reversed, the rule is reinstated, and a procedendo is awarded.