# Roberts *v.* Sharp, Appellant.

*Practice—Judgment for amount admitted to be due—Affidavit of defence.*
   The act of May 31, 1893, P. L. 185, authorizing the entry of judgment for an amount admitted to be due, makes no distinction between, or separation of, items of the demand, and as the act provides that judgment may be taken for the amount admitted to be due, and authorizes a trial for " the balance of the demand," the court will not determine how the amount is ascertained, or how the balance is composed.

Argued March 28, 1894.   Appeal, No. 265, Jan. T., 1894, by defendant, John M. Sharp, from order of C. P. No. 4, Phila. Co., Sept. T., 1893, No. 906, making absolute rule for judgment for amount admitted to be due.   Before GREEN, WILLIAMS, MC-COLLUM, MITCHELL and FELL, JJ.   Affirmed.

Scire facias sur mechanic's lien.
The facts appear by the following opinion by ARNOLD, J.:
" Plaintiff filed a claim for $16,640.02 for structural work done upon the Hotel Metropole under a contract.

| | | |
|---|---:|---:|
| " The contract price was        .   .   .   . | $23.455 | 00 |
| " Plaintiff also claims for extra work        . | 185 | 02 |
| " Making a total of   .   .   .   .   . | $23,640 | 02 |
| " And allows credit for cash received on account, | 7,000 | 00 |
| " Leaving a balance claimed of     .   .   . | $16,640 | 02 |

" The defendant, in his affidavit of defence, claims a set-off of damages for delay in doing the work,   .   .   $6,693 50
" And disputes certain items of extra work,   .   .   .   .   .   .   116 62
" And also claims for money paid by him to finish the plaintiff's work,   .   72 60   6,882 72

" And admits that he owes,   .   .   .   .   $9,757 30

" A rule for judgment for the amount admitted to be due having been entered, it was argued by the defendant that if such judgment is taken, the plaintiff must accept it in full of his claim, and that he cannot proceed to trial for the residue.

Two important questions of practice arise, one of which is the mode of taking a judgment of this kind, whether it shall be entered and the amount assessed by the prothonotary on the præcipe of the plaintiff, or whether the court must be moved in every case for a judgment for the amount admitted. In the leading cases on this subject, Coleman v. Nantz, 63 Pa. 178; Russell v. Archer, 76 Pa. 473; and Stedman v. Poterie, 139 Pa. 100, the attorney for the plaintiff directed the prothonotary to enter judgment for the amount admitted or tendered, without prejudice to the plaintiff's right to proceed for the residue or stating that he did not accept said sum in full, and leaving the dispute as to the effect thereof to be settled on the trial for the residue. In Blydenstein v. Haseltine, 140 Pa. 120, the court of common pleas refused to permit the plaintiff to recover the residue of his claim, after having taken judgment for the amount admitted, and the Supreme Court affirmed the judgment. There was no rule of court on the subject, and it was decided that the procedure act of 1887 did not sanction this practice. Yet, in Taber v. Olmsted, 158 Pa. 351, where there was no rule of court on the subject, the plaintiff took judgment for the amount admitted, and several months afterwards moved to amend the motion for judgment, by adding ' for leave to proceed for the balance,' which, being refused, an appeal was taken to the Supreme Court, and that court reversed the judgment.

" There appears to be no good reason why a judgment for the amount admitted should not be taken in the prothonotary's office, the same as a judgment for default. In establishing the practice on this rule, which is now restored to us by the act of May 31, 1893, it is well to make the practice simple and easy, and not trouble the judges with merely formal matters. I have said that this is a practice restored to us, and for proof refer to Vanatta v. Anderson, 3 Binney, 417, in which a rule of the court of common pleas of this county, adopted April 17, 1809, is set out at length. It is thereby provided that judgment shall be entered for so much as shall be acknowledged to be due to the plaintiff, and the trial shall proceed for the residue. The former district court had a similar rule, which was adopted Feb. 1, 1812, soon after the organization of that court, and may be found in 2 P. A. Browne's Reports, Appendix, 10. When

these rules were abolished or dropped out I do not know, but presume it was when the act of March 28, 1835, made the affidavit of defence law a statutory law for the district court, and the act of April 14, 1846, for the common pleas.   The rule does not appear in Walker's Court Rules, published in 1857.

" It is a matter of legal history that, after the act of 1835 was passed, a question arose whether the court could give judgment for want of a sufficient affidavit of defence, and there was quite a contention over the matter ; but it was settled in 1837 by a decision of the Supreme Court in favor of the power.   It was in effect held that an insufficient affidavit of defence is no defence : West v. Simmons, 2 Wharton, 261.   The life of the act was at stake and it was saved.   It is also legal history that no statute conferred the power to grant judgments for want of a sufficient affidavit of defence, until the welcome and laudable procedure act of May 25, 1887, § 5, gave it.   Prior thereto it rested upon the decisions of the Supreme Court.

" In establishing the practice under the act of May 31, 1893, authorizing the entry of judgment for the amount admitted to be due, and a trial for the balance of the plaintiff's demand, it is fortunate that we have precedents under rules of court in other counties, and decisions of the Supreme Court thereon, to aid us.   They have been cited above, and I need not refer to them again, except Russell v. Archer, 76 Pa. 473, which is exactly like the present case, a scire facias on a mechanic's claim, in which the defendant admitted about one half of the plaintiff's claim.   Judgment having been entered by the prothonotary, at the direction of the plaintiff's attorney, on the trial the defendant contended that the plaintiff was not entitled to another judgment, but the court overruled the objection, and the Supreme Court affirmed the ruling.   The wisdom of this is shown by Judge SERGEANT in McKinney v. Mitchell, 4 W. & S. 25, who said: ' Should the part denied be but a trifle, then, according to the construction contended for by the defendant, he might keep the plaintiff from securing the main portion of his debt, and, in the meanwhile, dispose of his property so as to defeat an acknowledged claim; whilst by the other course no damage is done to the defendant, as the subsequent costs must depend on the result.'

" Hereafter judgments of this kind may be entered by the

prothonotary on the præcipe of the plaintiff or his attorney. If the judgment is improperly entered, the defendant may enter a rule to strike it off, and then the court will dispose of the case as to law and justice pertain."

Rule absolute. Defendant appealed.

*Error assigned* was above order.

*E. Cooper Shapley*, for appellant.—The spirit of the act is to eliminate from the trial those items of claim about which there is no dispute, not to enter judgment for part of an item that is disputed.

To enter judgment in this case would be to say that under the contract a certain amount was due and then to direct an issue to ascertain whether under the contract some other sum was due. Especially should this not be allowed where the difference is one growing out of the terms of the contract in suit.

If this judgment should stand, and plaintiff should proceed " for the recovery of the balance of the demand," he could proceed upon nothing but the contract upon which the amount due had already been adjudicated. It will not do to answer that he is proceeding for the balance, because there can be but one amount due.

In but one of the reported cases under rules of court somewhat similar to the act of 1893 does it clearly appear whether the defence was to specific items, or to a part of one item: Stedman v. Poterie, 139 Pa. 100. In the others this fact does not appear: McKinney v. Mitchell, 4 W. & S. 25 ; Coleman v. Nantz, 63 Pa. 178 ; City v. Ry. Co., 13 Pa. C. C. 580 ; Russell v. Archer, 76 Pa. 473.

*John G. Johnson*, for appellee, cited: Vanatta v. Anderson, 3 Binney, 417 ; Haseltine v. Blydenstein, 140 Pa. 120 ; Act of May 31, 1893, P. L. 185 ; Coleman v. Nantz, 63 Pa. 178 ; Russell v. Archer, 76 Pa. 473.

PER CURIAM, April 16, 1894:

The very object of the act of 1893 was to enable judgment to be entered for the amount admitted to be due without pre-

judice to the plaintiff's right to proceed to trial for the recovery of the balance of the demand. No distinction between, or separation of, items of the demand was within the language or proper meaning of the act, and as it provides that judgment may be taken for the *amount* admitted to be due, and authorizes a trial for "the balance of the demand," we consider that it is of no consequence to determine how the *amount* is ascertained or how the *balance* is composed.

Judgment affirmed.