# City of New Castle, Appellant, *v.* The New Castle Electric Company.

*Practice, C. P.—Judgment for part of claim.*

The act of May 31, 1893, P. L. 185, is in derogation of the common law rule that there can be but one judgment in a single suit, and should be strictly construed so as to apply only to the single case where part of a plaintiff's claim is distinctly admitted to be due and no defense to such part is alleged. Where there is a defense to the whole claim which is obviously good in part and the court cannot enter judgment as to the whole claim, it is not bound to enter judgment for part upon a motion for a judg-ment for the whole, although the affidavit as to that part presented no sufficient defense.

*Practice, Super. Ct.—Entry of judgment for part—Order reserving right to proceed for balance.*

Where a udgment, entered for portion of a plaintiff's claim, was not the judgment the plaintiff asked for, it ought not to debar him from proceed-ing for the balance of the claim. Although the judgment for a portion of the claim may have been improvidently entered, yet when the defendant

does not complain it should be allowed to stand, coupled with an order permitting plaintiff to proceed for the recovery of the balance. Under authority of sec. VIII. of the act of June 24, 1895, P. L. 212, the Superior Court has authority to make such an order.

Argued May 11, 1896.   Appeal, No. 28, April T., 1896, by plaintiff, from order of C. P. Lawrence Co., Dec. T., 1894, No. 9, on rule for judgment for want of a sufficient affidavit of defense, entering judgment for portion of the claim only.   Before RICE, P. J., WILLARD, WICKHAM, REEDER, ORLADY and SMITH, JJ.   Appeal dismissed and judgment modified.

Rule for judgment for want of a sufficient affidavit of defense. Before WALLACE, P. J.   Judgment for part of plaintiff's claim for $133.08.

Plaintiff's statement claimed a license tax under a municipal ordinance on certain poles and wires erected by defendant company for the years 1892, 1893 and 1894, amounting to $313 for each year and aggregating $939.

The affidavit of defense was filed to the whole claim, which as to $68.00 thereof was clearly sufficient.   The court made the rule absolute as to part of the claim and entered judgment as to $133.08.

*Error assigned* was not entering judgment for whole amount of plaintiff's claim.

*A. W. Gardner*, for appellant.

*S. W. Dana*, of *Dana & Long*, for appellee.

OPINION BY RICE, P. J., July 16, 1896 :

Upon the plaintiff's motion for judgment for want of a sufficient affidavit of defense the court granted a rule to show cause and subsequently gave judgment for a part of the plaintiff's demand.   This was virtually a refusal of judgment for the residue.   It is urged that the statutes give no appeal to the plaintiff from such a judgment.   Prior to the act of April 18, 1874 (P. L. 64), there was no appeal or writ of error from an order refusing judgment for want of a sufficient affidavit of defense. The purpose of that act was to reach clear cases of error of law

and thus prevent the delay of a trial. To refuse judgment altogether, and to refuse judgment for part of the claim when the plaintiff is entitled to judgment for the whole, are equally within the mischief which the act was passed to remedy. We discover nothing in its language warranting a construction which will prevent the plaintiff from appealing in either case.

But where the plaintiff has moved for judgment for his whole demand, and the court has made the rule absolute as to part only, may the plaintiff appeal and assign for error not the refusal to enter judgment for his whole demand, but only the refusal to enter judgment for other parts thereof as to which the court adjudged the affidavit sufficient. Perhaps the question can be stated more clearly in this way. The plaintiff's demand was for $939. An affidavit of defense was filed to the whole claim, which as to $68.00 thereof was clearly sufficient. The court made the rule absolute as to part of the claim and entered judgment for $133. The plaintiff excepted generally to the order, and on appeal assigns for error the refusal to enter judgment for $871—the difference between the whole claim and the amount as to which the affidavit was clearly sufficient. It may be argued with much force that so far as the right of appeal is concerned the question is the same as if the court had refused judgment altogether, for if the plaintiff was clearly entitled to judgment for $871 and the court refused it or entered judgment for a less sum, the act of 1874 is broad enough in terms to give an appeal for the correction of the error. But be that as it may, was the plaintiff clearly entitled to judgment for $871 without releasing or withdrawing the residue of his claim, or offering so to do? These questions depend upon the construction of the act of May 31, 1893 (P. L. 185). Two views have been expressed concerning the purpose and scope of this act. One is that it was intended to give the court power to determine that an affidavit which goes to the whole claim is insufficient as to part, and to give judgment for that part. The other is that it was simply intended to settle the question as to the right of a plaintiff to take judgment for and collect an amount expressly admitted to be due without prejudice to his right to proceed for the recovery of the balance, as to which question there was some contrariety of opinion. The former view is supported to some extent by the argument which very early in the history of the

affidavit of defense law led the court to hold that an insufficient affidavit is legally no affidavit of defense, and to allow judgment for want of a sufficient affidavit of defense notwithstanding the defendant had literally complied with the law: West v. Simmons, 2 Wh. 261.  Speaking of this decision Judge ARNOLD truly says in a recent case : " The life of the act was at stake and it was saved : " Roberts v. Sharp, 161 Pa. 185.  See also Stedman v. Poterie, 139 Pa. 100, and Ashman v. Weigley, 148 Pa. 61.  In support of the other view, it is argued that the act is in derogation of the common law rule that there can be but one judgment in a single suit, and should be strictly construed so as to apply only to the single case where part of the plaintiff's claim is distinctly admitted to be due and no defense to such part is alleged.  If we correctly understand the decision in Reilly v. Daly, 159 Pa. 605, the latter is the authoritative construction.  The plaintiff's demand consisted of three items. The court below entered judgment for the whole claim.  On appeal the plaintiff urged that if the court were of opinion that the affidavit of defense presented a sufficient defense to any of the items, then the judgment entered in the case should be permitted to stand as to such items as to which the affidavit did not present a sufficient defense and a venire awarded as to the former only under the provisions of the act of 1893.  The Supreme Court held that as to two of the items the affidavit presented no valid defense, but as it was sufficient as to the other the judgment was reversed and a procedendo as to the whole claim was awarded.  Concerning this question Justice GREEN said: " It is not clear that judgment can be entered for the plaintiffs under the act of May 31, 1893, P. L. 185.  That act only provides that judgment may be taken for such amounts of the plaintiff's claim as are admitted to be due, and that execution may issue for such admitted indebtedness, with a right to proceed to trial for the remainder of the claim.  It was doubtless passed to settle all doubts upon that subject, as there were different opinions relating to it.  But it would be inapplicable in this case because these affidavits do not admit anything to be due.  While in our opinion they are insufficient as to two items of the claim, they are not admissions of the correctness of those items, and literally the case is not brought within the terms of the act.  We feel obliged with some reluctance to

reverse the judgment because of the situation as to the third item of the claim."

The analogy between the two cases is very close. There the sole defense as to one of the items was a release which the court held was no defense. Here the defense as to the principal part of the claim is that certain contracts between the defendant and the city, whereby the former agreed to furnish electric lights to the city and was granted the right to erect poles and stretch wire for that purpose, exempt such poles and wires from the license tax for which suit was brought. Even if we were to hold that this is not a valid defense as to that portion of the plaintiff's demand, still there would remain the demand for the tax on sixty poles and four miles of wire for the years 1892 and 1893 which, according to the positive averment of the affidavit of defense, were not put up until after April 1, 1893. As to this portion of the plaintiff's claim a good defense was alleged. Therefore the court could not enter judgment for the whole claim, and, under the authority of the case cited, was not bound to enter judgment for part *upon a motion for a judgment for the whole*, although the affidavit as to that part presented no sufficient defense. This conclusion renders it unnecessary to discuss the question of the exemption of the defendant company from the license tax, by reason of the contracts recited in the affidavit of defense, and we forbear expressing any opinion upon that question until it shall be brought before us in such a manner that it may be authoritatively decided.

The judgment which the court entered was not the judgment which the plaintiff asked and it ought not to debar the plaintiff from proceeding for the recovery of the balance of the claim. As the defendant does not complain, the judgment should be allowed to stand, but, for the reasons stated, it should be coupled with an order permitting the plaintiff to proceed for the recovery of the balance of its claim. See Taber v. Olmstead, 158 Pa. 351. We are of opinion that under section VIII. of the Superior Court act we have authority to make such an order.

The appeal is dismissed at the costs of the plaintiff but without prejudice to its right to proceed for the recovery of the balance of its demand if anything more shall be justly due, and without prejudice to its right to a trial by jury and a second appeal after final judgment.