# Cerkovnik Brothers, Appellants, *v.* East Windber Coal Co.

*Practice, C. P.—Tender of judgment—Acceptance—Part payment—Right to proceed—Trial for balance—Act of 1893, P. L. 185 —Practice Act of 1915.*

Where, in an affidavit of defense, it is admitted that a balance is due the plaintiff, and judgment is tendered for such sum in full settlement of the claim, the plaintiffs can take judgment for the amount admitted to be due and proceed to trial for the balance claimed. Such judgment cannot be regarded as full settlement of the plaintiff's claim.

The affidavit of defense having admitted a certain indebtedness, the defendant could not by attaching a conditional tender deprive the plaintiffs of their right under the Act of 1893, P. L. 185, or the Practice Act of 1915, P. L. 483, from taking judgment for the amount admitted to be due.

The plaintiffs having proceeded regularly in entering the judgment for an admitted amount, the right to recover for as much more in the action, as could be established to the satisfaction of a

jury under the instruction of the court, was granted by law, in the absence of evidence to show that the plaintiffs offered to accept a smaller amount in full satisfaction of the claim.

Argued April 12, 1920.  Appeal, No. 121, April T., 1920, by plaintiffs, from judgment of C. P. Somerset County, Sept. T., 1919, No. 238, in favor of defendant in the case of D. A. Cerkovnik and George Cerkovnik, Trading as Cerkovnik Brothers, v. East Windber Coal Company.  Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Reversed.

Assumpsit for services rendered.  Before BAILEY, P. J., twentieth judicial district, specially presiding.

The opinion of the Superior Court states the case.

The court entered judgment in favor of the defendant. Plaintiffs appealed.

*Error assigned,* among others, was the decree of the court refusing to strike off judgment in favor of the defendant.

*Lewis C. Walkinshaw,* for appellants.—The plaintiffs were entitled to judgment for the amount admitted to be due, with the right to proceed to trial for the balance claimed: Berkheimer v. Geise et al., 82 Pa. 64; Bender et al. v. Martsolf Brothers Co., 64 P. L. J. 379; Slocum Co. v. St. Clair, 52 Pa. Superior Ct. 98; Roberts v. Sharp, 161 Pa. 185; Tabor et al. v. Olmstead, 158 Pa. 351; Vulcanite Paving Co. v. Chester Traction Co., 52 Pa. Superior Ct. 447; Reilly v. Daly, 159 Pa. 605; Faux v. Fitler, 223 Pa. 568; Fulton Farmers Assn. v. Bomberger, 262 Pa. 43; Jackson v. Myers, 260 Pa. 488.

*Charles H. Ealy,* and with him *Charles F. Uhl, Jr.,* for appellee.

OPINION BY HENDERSON, J., July 14, 1920:

The plaintiffs brought an action of assumpsit against the defendant for hauling coal and other services. The account contained many items and amounted, after the allowance of certain credits, to $768.80. The affidavit of defense denied the accuracy of the account in several respects, but admitted a balance due the plaintiffs of $365.81. In the tenth paragraph of the affidavit, after averring there was a balance due the plaintiffs of that amount, a judgment was tendered to the plaintiffs for the same with interest from date of suit: "In full settlement of all claims for hauling the coal as aforesaid and performing other work." This affidavit was filed September 6, 1919, and on September 10th, the defendant paid into court $400. The record of the transaction is as follows: "September 10, 1919, received of East Windber Coal Company, per Uhl & Ealy, four hundred dollars ($400), to be applied to costs in this case. Jonas M. Cook, Prothonotary." On the 16th of September the plaintiffs' attorney requested judgment for the amount admitted to be due by a paper filed in the following form:

"Plaintiff moves for judgment for the amount admitted to be due and elects to proceed to trial for balance of account under Act of 1893.

"The prothonotary will enter judgment in above case against East Windber Coal Company, the defendant, for amount admitted to be due plaintiff, sec. reg., for the sum of three hundred and sixty-eight and 55-100 dollars debt, with interest from the 16th day of September, 1919, with costs of suit." Thereafter Mr. King, one of the plaintiffs' attorneys, gave a receipt to the prothonotary for $383.45 to apply on the judgment and costs. When the case was called for trial the defendant's attorney filed a motion for judgment for the defendant and a dismissal of the action on the record. This motion was granted whereupon judgment was entered in favor of the defendant. The theory on which the case was dis-

posed of by the court was that the withdrawal by the plaintiff of the amount of the judgment must be regarded as done under the tender and therefore in full satisfaction of the plaintiffs' claim. If there were nothing more in the case than the tender and acceptance of the amount offered, the conclusion of the court would be unobjectionable, for a tender in full payment and satisfaction of a claim and acceptance thereof by the plaintiff, would be conclusive as to the whole cause of action, but the case does not turn on the tender. The affidavit of defense having admitted a certain indebtedness, the defendant could not by attaching a conditional tender deprive the plaintiffs of their right under the Act of 1893, P. L. 185, or the Practice Act of 1915, P. L. 483, to take judgment for the amount admitted to be due. There is nothing on the record to show that the plaintiffs accepted the tender of judgment made by the defendant; on the contrary it appears they took judgment for the amount admitted to be due and elected to proceed to trial for the balance of the account, as authorized by the statute. This was an express declination of the tender of judgment on condition, and a declaration of their purpose to proceed to trial for the disputed account. In no sense therefore was the entry of the judgment an acceptance of the tender in full discharge and settlement of the plaintiffs' claim. If as contended by the appellee the Act of 1893 is obsolete because of the Practice Act of 1915, the appellee's position is not improved. If the latter supplies the former, the same right is secured to the plaintiffs to take judgment in the manner adopted by the plaintiffs' counsel and the reference to the Act of 1893 and the application for judgment was plain notice that the plaintiffs intended to proceed to trial for the balance of the claim. The record does not disclose the circumstances under which the plaintiffs' counsel receipted for the amount of the judgment entered by the prothonotary. The fund having been paid into court was under its control and

subject to its order.   It may be that it was inadvisedly paid by the prothonotary—it does not seem to have been so done by direction of the court,—but the plaintiffs offered to return the money so taken to which offer the defendant objected, and for that reason the court declined to permit its repayment to the prothonotary.   The defendant having objected to the return of the money, cannot allege that it has been prejudiced by the acceptance of it by plaintiffs' attorney.   The transaction with reference to the money had no relation to the quality of the plaintiffs' judgment however.   The admission of the defendant being distinct as to the amount of the indebtedness recognized, the statute gave the plaintiff permission to take advantage of this admission by procuring the entering of the judgment.   The case cited by the learned judge, Jonathan Turner's Sons v. Lee Gin & Machine Co., 38 L. R. A. 549, is not an authority applicable to the case before us. That was a common law tender accepted by the creditor. The subject for our consideration is a question of practice under the statute.   The entry of judgment was a matter of right which could not be controlled by an alleged tender of a smaller amount.   Assuming that a sufficient tender was made, the burden was on the defendant to show its acceptance by the plaintiffs, but this has not been done.   Nor is the case affected by Rule 39 of the Court of Common Pleas of Somerset County. That relates to the plaintiffs liability for costs subsequently incurred in case of his failure to recover more than the amount tendered by the defendant.   Under that rule the plaintiffs were not under any obligation to accept a tender.   They had a right to proceed to trial and recover as much as they could show to be due.   The plaintiffs having proceeded regularly in entering the judgment for an admitted amount, the right to recover as much more in the action as could be established to the satisfaction of a jury under the instruction of the court was granted by law in the absence of evidence to show

the plaintiffs offered to accept a smaller sum in full satisfaction of the claim. The court was in error therefore in dismissing the plaintiffs' action and entering judgment on the record in favor of the defendant.

The judgment is reversed and the record remitted with a procedendo.