Gedrich *v.* Yaroscz et ux., Appellants.

128

Argued March 3, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Peter Kanjorski,* for appellants.

*Leo W. White,* and with him *Jesse Hyman,* for appellee.

Opinion by Gawthrop, J., April 15, 1931:

On May 31, 1929, plaintiff caused writs of scire facias to be issued in the court below on two mechanics

liens which he had filed against two properties belonging to defendants. Defendants filed affidavits of defense and plaintiff entered in each case a rule for judgment for want of a sufficient affiadvit of defense. After argument on the rules the court below, on November 1, 1929, filed an opinion and entered the following order in each case: ''The affidavit of defense is adjudged insufficient, and unless defendants file a supplemental affidavit of defense within fifteen days remedying the defects pointed out in the opinion, judgment will be entered against them.'' On November 29, 1929, when no supplemental affidavits of defense had been filed, plaintiff's attorney filed with the prothonotary praecipes for judgments ''as per order of the court,'' and judgments were entered accordingly on that day. On April 19, 1930, defendants filed supplemental affidavits of defense. On April 21, 1930, they filed petitions to strike off and to open the judgments. On June 18, 1930, the court discharged the rules granted on the petitions and approved the entry of the judgments nunc pro tunc. Defendants have appealed in each case from the orders discharging their rules. The appeals were argued together and will be disposed of in one opinion.

Appellee moved to quash the appeals on the ground that they were not taken within three months from the entry of the judgments of November 29, 1929. If the appeals had been taken from these judgments they would have been too late. But as the appeals, which are sanctioned by the Act of May 20, 1891, P. L. 101, were taken from the orders refusing to strike off and to open those judgments, they were in time. It follows that the motion to quash must be dismissed.

Appellants contend that the judgments were void and should have been stricken off, because they were entered ''contrary to law by an attorney on a mere praecipe for judgment and not by the court, as provided by Section 32 of Mechanics' Lien Act of June 4, 1901, P. L. 431, as amended by the Act of May 23, 1913,

P. L. 307.'' The pertinent provisions of the section are that the court ''is authorized and directed to enter judgment against such of said defendants as shall have been duly served according to law, or have appeared, for want of an affidavit of defense, or sufficient affidavit of defense, as the case may be, if the parties so served or appearing, or any of them, shall neglect or fail to file an affidavit of defense within the time mentioned in the said writ.'' By the terms of this section of the statute the court alone has the authority to direct the entry of a judgment on a rule for judgment for want of a sufficient affidavit of defense to a scire facias sur mechanics' lien. The procedure under the Mechanics' Lien Act corresponds with the general practice in actions of assumpsit: Atlantic Terra Cotta Co. v. Carson, 53 Pa. Superior Ct. 91, affirmed in 248 Pa. 417. It is not necessary for the court itself to enter the judgment. It is sufficient if the court file an order directing its clerk to enter the judgment and the clerk enters the formal judgment pursuant to such order: Watkins v. Neff, 287 Pa. 202; Garman v. Cambria Trust Co., 88 Pa. Superior Ct. 525. In our view the question on which these appeals turn is whether the court's orders of November 1, 1929, above quoted, amounted to a direction to the prothonotary to enter judgments against the defendants at the expiration of the fifteen days following the date of the order if defendants failed to file supplemental affidavits of defense within that period. Upon full consideration we are of opinion that this question must be answered in the negative. The language of the orders is that unless the supplemental affidavits of defense are filed within fifteen days ''remedying the defects herein pointed out, judgment *will be entered* against them.'' This was not a direction to the prothonotary to enter judgment at the end of fifteen days if the supplemental affidavits of defense were not filed within that period. Nor did the learned judge of the court below regard

it as such an order. For, he states in his opinion that "the entry of the judgment by the prothonotary only carried out what *would have been directed* by the formal order of the court if the matter had been presented." To us it seems clear that the meaning and effect of the language of the orders was that the court would enter judgments for plaintiff at the end of fifteen days if defendants failed to file supplemental affidavits of defense within that time. After the fifteen day period had lapsed and sufficient affidavits had not been filed, judgments could be entered only by the court, or by the prothonotary under an order of the court directing the entry thereof. As the judgments were entered by the prothonotary on a praecipe of plaintiff's attorney without an order of the court, their entries were unauthorized and they were void. As the irregularity appears on the face of the record, the motions to strike off the judgments should have been granted. "This may always be done where it appears upon the face of the record that a judgment ought not to have been entered": Allen v. Krips, 119 Pa. 1, 5; Miller v. Neidzielska, 176 Pa. 409. See also North & Co. v. Yorke, 174 Pa. 349, in which Chief Justice STERRETT quotes with approval the following statement as to the rule to strike off judgment: "Being for irregularity apparent on the face of the proceedings, it is in the nature of a demurrer to the record and is not confined to any particular kind of judgments, nor limited as to the time it may be taken advantage of, nor affected by matters dehors the record, except so far as defendant may have put himself in position to be estopped from making the objection." In the case at bar the record shows that defendants moved within a reasonable time to strike off the judgments and that they are not chargeable with laches. As the judgments were absolutely void, the cases cited by appellee, which decide that the Act of 1891, supra, (giving a right of appeal in applications to strike off judgment) is not

intended to give the defendant in a judgment obtained in an adverse proceeding, which at the worst is only erroneous and not void, two opportunities to obtain a reversal, have no application to the case at bar. As the judgments were void, the approval of their entry by the court below nunc pro tunc at the time he discharged the rules to strike off was ineffective.

In each appeal the first assignment of error complaining of the discharge of the rule to strike off the judgment is sustained; the assignments complaining of the refusal to open the judgments are dismissed; the judgments are reversed and it is ordered that the record be remitted for further proceedings.