## Cain *v.* Redlich et al.

Argued October 3, 1932. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Robert A. Rundle,* of *Wright & Rundle,* with him *John R. Dierst, Jr.,* and *Wayne Theophilus,* for appellant.— The Mechanic's Lien Act of 1901 and its amendments and supplements constitute a complete and exclusive system and govern all practice of those filing liens: Getz v. Brubaker, 25 Pa. Superior Ct. 303; Hiestand v. Keath, 229 Pa. 149.

Where an affidavit is filed, the prothonotary may not, under the Act of 1901, enter judgment: Gedrich v. Yaroscz, 102 Pa. Superior Ct. 127.

The alleged admission in the affidavit of defense was not such an absolute and unconditional admission that the prothonotary could in any event enter judgment against defendant for the whole of the claim: Phila. Warehouse Co. v. Biscuit Co., 33 Pa. Superior Ct. 134; Helfenstein v. Coal Co., 284 Pa. 78; Eizen v. Stecker, 295 Pa. 497.

*Thompson Bradshaw,* with him *Norwood N. Nelson* and *Ralph K. Smith,* for appellee.—Under the Act of 1893, a plaintiff may take judgment for an amount admitted to be due: Duggan v. Duggan, 291 Pa. 556.

The document filed by defendant may be considered either as a confession of judgment and not an affidavit of defense, in which case it would come under section 34 of the Act of 1901, or it may be considered an amicable scire facias under section 32.

OPINION BY MR. JUSTICE MAXEY, January 9, 1933:

On February 24, 1931, plaintiff filed its mechanic's lien against defendants, husband and wife, as reputed

owners, alleging that the sum of $17,254.95 was due him for improvements on defendants' building under a written contract and subsequent written authorizations for certain additional work. The amount claimed represented the balance on the full contract price after deducting certain cash payments. The scire facias issued March 2, 1931, and defendant Mary Redlich, the wife, filed her affidavit of defense on June 22, 1931. In this she alleged that her husband, defendant Max Redlich, had a complete legal defense to the whole of plaintiff's claim and that she had a legal defense to part of plaintiff's claim. The husband's defense was that he was not the owner of the premises nor did he contract with the plaintiff or any other person for the making of the improvements. Defendant Mary Redlich, on the other hand, admitted ownership of the premises and all the material terms of the contract together with the subsequent agreements to pay for extras. She alleged that in addition to the cash payments on the full amount due, mentioned above, two notes had been given for a total of $6,500, which notes were "held by the Ambridge Savings & Trust Company." She also alleged that certain subcontractors and materialmen who had dealt with the claimant had filed mechanics' liens.

Defendant's affidavit of defense continues as follows:

"5. Defendant therefore says that, inasmuch as the above named subcontractors and materialmen who have filed the liens are entitled to judgment and execution thereon, she admits liability for the amount of the plaintiff's claim herein, subject to the rights of the said subcontractors' and materialmen's liens as above set forth and any others, if there be any others, who have a right to such liens. Likewise she admits the liability of the plaintiff to judgment herein for the amount claimed, subject, however, to credit thereon for any amount hereafter paid on account of the notes heretofore given.

"6. With these conditions, defendant admits the amount claimed to be due and authorizes the prothono-

tary to enter judgment against her for the sum claimed, to wit: Seventeen thousand two hundred fifty-four and $^{95}/_{100}$ ($17,254.95) dollars, with interest from February 1, 1931."

Relying on this admission, plaintiff filed a præcipe with the prothonotary of the court of common pleas directing him to enter judgment for $17,254.95, to be liquidated with interest due from February 1, 1931. Plaintiff subsequently gave to subcontractors various partial assignments of this judgment. One of these was to the Ambridge Savings & Trust Company, in the amount of $6,500. On February 23, 1932, the defendant Mary Redlich filed a petition to strike off the judgment entered by the prothonotary, setting up as grounds therefor: (1) that her affidavit of defense contained a defense to the whole or part of plaintiff's claim, sufficient to prevent entry of judgment, and (2) that the prothonotary possessed no authority under the mechanic's lien statutes to enter the judgment. This petition was denied by the court below and the judgment remained.

We will discuss defendant's second proposition first. In any action pending in the courts of this Commonwealth, where an affidavit of defense clearly admits the whole or any part of the amount claimed by a plaintiff to be due, the prothonotary may enter judgment for the amount so admitted. The Act of May 31, 1893, P. L. 185, section 1, reads as follows: "That in all cases now pending, or hereafter to be commenced, in the several courts of this Commonwealth in which affidavits of defense have been or may be filed to part of the claim of the plaintiff or plaintiffs, the plaintiff or plaintiffs may take judgment for the amount admitted to be due and have execution for the collection of the same, and the cases shall be proceeded in for the recovery of the balance of the demand of the plaintiff or plaintiffs, if anything more should be justly due to such plaintiff or plaintiffs."

It will be observed that this act uses the phrase "plaintiff may take judgment," without specifying whether it shall be taken in court or in the prothonotary's office, but this court, in Roberts v. Sharp, 161 Pa. 185, 28 A. 1023, in a Per Curiam opinion, affirmed the judgment of the court below and quoted at length from the opinion of Judge ARNOLD of that court, in which opinion is the following statement: " 'There appears to be no good reason why a judgment for the amount admitted should not be taken in the prothonotary's office, the same as a judgment for default.' "

The language of the Act of 1893, supra, is broad enough to cover a case where either part or all of the whole claim is "admitted to be due." It provides that "cases shall be proceeded in for the recovery of the balance of the demand, *if anything more should be justly due.*" The implication of that last clause is that after an "amount is admitted to be due" there may be something or nothing more due. If we held that the Act of 1893 applied only to those cases where less than the full amount claimed was admitted to be due, we would give the act an unreasonable interpretation because under such an interpretation a plaintiff suing for $1,000 could take judgment for $999 if the affidavit of defense admitted that sum to be due, but could not take judgment for $1,000 if that entire sum was admitted to be due.

We have an analogy to this Act of 1893 as we interpret it in the language of the Practice Act of May 14, 1915, P. L. 483, section 17, reading as follows: "In actions of assumpsit the prothonotary may enter judgment for want of an affidavit of defense, or for any amount admitted or not denied to be due."

This court has held in Duggan v. Duggan, 291 Pa. 556, 140 A. 342, speaking through Mr. Justice SIMPSON: "The Act of 1893 does not refer to actions of assumpsit at all, but to all existing and future cases in which affidavits of defense have been or may be filed."

The case of Gedrich v. Yaroscz, 102 Pa. Superior Ct. 127, 156 A. 575, cited by appellant, is inapplicable here. In that case the error charged is that certain judgments entered on scire facias sur mechanic's lien were void "because they were entered 'contrary to law by an attorney on a mere præcipe for judgment and not by the court, as provided by section 32 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, as amended by the Act of May 23, 1913, P. L. 307.'" The Superior Court held that by the terms of the section referred to *the court alone* has the authority to direct the entry of a judgment on a rule for judgment for want of a sufficient affidavit of defense to a scire facias sur mechanic's lien.

Section 32 as amended by the Act of 1913, P. L. 307, differs from the Act of 1893, supra, in this: it authorizes *the court* to enter judgments against duly served defendants *for want of either* (1) *an affidavit of defense, or* (2) *a sufficient affidavit of defense,* to a scire facias sur mechanic's lien. Section 34 of the Mechanic's Lien Law provides: "if no affidavit of defense be filed within the time designated, judgment may be entered and damages assessed by the prothonotary by default, for want thereof." Clearly the affidavit filed by defendant in this case cannot be judicially regarded as the equivalent of "no affidavit." The Act of 1893 as interpreted in Roberts v. Sharp, supra, authorizes *the prothonotary* to enter judgment *for an amount explicitly "admitted to be due."* Where a definite amount is in plain language admitted to be due, the exercise of no judicial function is called for and the prothonotary can enter judgment.

The distinction between a defendant's admission in his affidavit of an amount due and the filing of no affidavit or an insufficient affidavit of defense is so obvious as to require no discussion. The Act of 1893 is inapplicable in those cases where the affidavit of defense does not admit anything to be due: City of New Castle v. New Castle Electric Co., 2 Pa. Superior Ct. 228; Reilly v. Daly, 159 Pa. 605, 28 A. 493; Muir v. Shinn, 2 Pa.

Superior Ct. 24, and it applies only where there is a distinct admission of a sum certain being due: Hoegerle's App., 2 Pa. Superior Ct. 522. Except where the mechanic's lien law specifically provides for the procedure to be followed, the practice in mechanic's lien law cases tends to assimilate with the practice in assumpsit cases. The general rules of practice like the general rules of evidence apply to mechanic's lien cases when not inconsistent with any provisions in the mechanic's lien law.

We sustain defendant's second contention that the prothonotary possessed no authority *under the mechanic's lien law* to enter a judgment in this case. We will go further and hold that the affidavit of defense did not *so plainly and unconditionally admit* the amount claimed to be due as to justify the prothonotary in proceeding under the Act of 1893 to enter judgment.

The defendant's first proposition is that the affidavit of defense did contain a defense to the whole or part of plaintiff's claim, sufficient to prevent entry of judgment. The *insufficiency* of the affidavit is not raised on this record. Since that question may be raised by appropriate proceedings and since it appears that the defendant is willing that judgment should be entered against her for the amount demanded, provided the claims of subcontractors and materialmen and other lawful cognate claims are taken care of, it is suggested that the court below, if judgment should later be entered against the defendant *for want of a sufficient affidavit of defense,* should so control the execution on that judgment as to do justice to the defendant and to all other parties in interest.

The order of the court below in refusing to strike off judgment entered sur mechanic's lien is reversed, and the judgment is stricken off, with a procedendo.