## Tack v. Augustine

Richard N. McKee and William C. Robinson, for plaintiff.

Maurice L. Levinson, for defendants.

LYON, J., July 1, 1966.—Before the court for determination is defendants' motion for judgment on the pleadings.

This action in assumpsit is based upon an oral contract whereby plaintiff performed, in November of 1964, certain excavation work required for the construction of the Pittsburgh Home Savings and Loan Association in Butler, Pa. Plaintiff contends that he is entitled to recover $2,083.13, a sum equal to the reasonable value of his services. In the answer, defendants aver that they owe plaintiff the sum of $700 and contend that this was the firm agreed contract price for the entire work to be performed by plaintiff. The answer does not question the quality of the work or full performance of the obligations assumed under the contract, and thus admits liability to plaintiff on the contractual obligation.

Upon instructions from plaintiff, the prothonotary entered a $700 judgment in favor of plaintiff and against defendants. Defendants thereupon filed a motion for judgment on the pleadings.

The rule regarding judgment on the pleadings is well settled. It is detailed in Smith v. Brown-Borhek Company, 414 Pa. 325, 200 A. 2d 398 (1964), beginning on page 330:

"In *Poole v. Great American Insurance Co.*, 407 Pa. 652, . . . the Court, quoting from *Ross v. Metropolitan Life Insurance Co.*, 403 Pa. 135, . . . said (pages 654-655) : ' "A motion for judgment on the pleadings, like preliminary objections, is the equivalent of the old statutory demurrer and admits all facts which are well pleaded [but not the pleader's conclusions or averments of law]. Necho Coal Co. v. Denise Coal Co., 387 Pa. 567, 128 A. 2d 771; Gardner v. Allegheny County, 382 Pa. 88, 114 A. 2d 491. Such a motion should be granted and judgment should be entered only in a case which is clear and free from doubt (cases supra)" '. Also, Schrader v. Heath, 408 Pa. 79, 83, 182 A. 2d 696; Universal Film Exchanges, Inc. v. Board of Finance and Revenue, 409 Pa. 180, 185 A. 2d 542.

"In *Universal Film Exchanges*, supra, the court, quoting from *Bogash v. Elkins*, 405 Pa. 437, 439, 176 A. 2d 677, accurately stated the applicable rule, (page 188) : 'Preliminary objections admit all facts which are well pleaded, but not the pleader's conclusions or averments of law: Ross v. Metropolitan Life Insurance Co., 403 Pa. 135, 169 A. 2d 74; Gardner v. Allegheny County, 382 Pa. 88, 114 A. 2d 491; Narehood v. Pearson, 374 Pa. 299, 96 A. 2d 895' ". (Brackets in original).

Defendants' arguments concerning the propriety of the judgment are wholly inconsistent. First, the argument is that the judgment for $700 taken by plaintiff terminates the whole action because by so doing, plaintiff accepted and is bound by the allegation in the answer that $700 is the firm agreed contract price. Defendants' second contention is that the judgment was taken without legal authority.

It thus appears that defendants have confused the legal function of a motion for judgment on the pleadings with that of a motion to open or a motion to strike

a judgment. Defendants' motion for judgment on the pleadings must rely wholly for support upon plaintiff's judgment. The appropriate proceeding to question the validity of a judgment is a motion to strike, or, in the alternative, a motion to open judgment: Smith v. Dale, 405 Pa. 293, 175 A. 2d 78 (1961); Citizens' National Bank of New Castle v. Hileman, 233 Pa. 432 (1912); Sutton v. Alexander, 198 Pa. Superior Ct. 53, 181 A. 2d 733 (1962); Colacioppo v. Holcombe, 166 Pa. Superior Ct. 186, 70 A. 2d 452 (1950); Rome Sales and Service Station v. Finch, 120 Pa. Superior Ct. 402, 183 Atl. 54 (1936); Scholnick v. Canelos, 100 Pa. Superior Ct. 6 (1930).

Legal commentators have uniformly opined that the prior practice of permitting a judgment for an amount admitted to be due is continued by Pennsylvania Rule of Civil Procedure 1037: 1 Goodrich-Am. 260 §1037(b)-3; 2A Anderson Pa. Civ. Prac. §468; Standard Pa. Prac. 200, §121. Roberts v. Sharp, 161 Pa. 185, 28 Atl. 1023 (1894), recognized under a prior practice act that the procedure was proper. The court stated: "The very object of the act of 1893 was to enable judgment to be entered for the amount admitted to be due without prejudice to the plaintiff's right to proceed to trial for the recovery of the balance of the demand. No distinction between, or separation of, items of the demand was within the language or proper meaning of the act, and as it provides that judgment may be taken for the amount admitted to be due, and authorizes a trial for 'the balance of the demand', we consider that it is of no consequence to determine how the amount is ascertained or how the balance is composed". This is a generally accepted procedural practice in many of our sister states: Cox v. Sandler's, Inc., 209 Md. 193, 120 A. 2d 674 (1956); E. J. Marco & Bros. v. Canfield, 144 N.Y.S. 2d 771, 286 App. Div. (N.Y.) 1059 (1955); Federal Rule of Civil

Procedure 56 (a) (b) expressly provides this procedure for use in Federal courts.

However, there appears to be growing dissatisfaction with the final partial judgment rule: Central States Co-operatives v. Watson Bros. Trans. Co., 404 Ill. 566, 90 N. E. 2d 209 (1950). It has been criticised by some Federal courts: Union Carbide Corporation v. Traver Investments, Inc., (D. C. Ill.), 201 F. Supp. 763 (1962), reconsideration denied, 205 F. Supp. 522.

Several Federal Circuit courts, including our own Third Circuit, have held that a partial judgment for less than the whole of a single claim is improper: Coffman v. Federal Laboratories, Inc., (3rd Cir.), 171 F. 2d 94 (1948). The policy of the law justifying the rule is that its use accelerates a just determination of litigation by eliminating phantom issues from the controversy: Pa. R. C. P. 126. A similar policy gave birth to the preliminary objections which eliminated or substantially reduced the time devoted to dilatory pleadings. It is the same policy that justified also judgments on pleadings and default judgments under Pa. R. C. P. 1034 and 1037, respectively. A default judgment is employed frequently, particularly in trespass actions, as a means to obtain partial judgment in favor of plaintiff on the issue of liability only, with continuing litigation for the purpose of assessing damages. Motions for judgment on the pleadings, on the other hand, generally question the sufficiency of the pleadings and, where granted, usually dispose of the case in its entirety. However, in a few cases, partial summary judgments were entered upon such motions where, by so doing, material issues at trial were reduced or eliminated. Thus, in Hay v. Mackall, 19 Beaver 25 (1957), the court entered a judgment for defendant because plaintiff's personal injury claim was barred by the applicable statute of limitations, but permitted plaintiff to proceed on the property dam-

age claim, which was not thereby precluded. In Hunter v. Myers, 111 Pitts. L. J. 425 (1963), the court entered judgment limiting the extent of liability of the additional defendant. In Felix Half & Brother, Inc., v. Fold-Ray Corp. of America, 42 Westmoreland 7 (1959), plaintiff sued in assumpsit asserting two separate and distinct claims. Judgment for plaintiff was entered on one claim with leave to proceed to trial on the other. The case of Bennett v. Pennsylvania Electric Company, 24 D. & C. 2d 59, 22 Cambria 216 (1960), was an eminent domain action in which judgment was entered for plaintiff on the question of liability with leave to proceed to trial for the purpose of assessing damages. One appellate court case appears to have considered the subject. Jeffrey Structures, Inc. v. Grimaldi, 186 Pa. Superior Ct. 437, 142 A. 2d 378 (1958), was an action in assumpsit for consequential damages and for the return of hand money paid on a contract to buy real property. A judgment for plaintiff in the amount of the hand money was entered by the lower court and approved on appeal. The judgment plainly removed from trial the need for any consideration of the hand money paid, and left for the triers of fact only the determination of consequential damages. The factor common to the entry of judgment in all the foregoing cases was elimination from trial of one or more material issues. This was true also in Stevick v. Cowan & Cowan, Inc., 3 D. & C. 2d 363 (1954), where the court entered partial judgment for plaintiff because it was clear he was entitled to the money, but allowed the case to continue to trial solely on the issue of whether defendant's violation was willful so as to entitle plaintiff to triple damages.

No material issues were determined or eliminated from the trial by the entry of plaintiff's judgment. As a practical matter, this judgment caused the final determination, now sought by plaintiff, to be delayed

by reason of the time required for consideration of defendants' motion for judgment on the pleadings. A partial summary judgment should not be granted where it would not expedite final disposition: Burgans v. New York Central Railroad Company, 192 F. Supp. 222; Pa. R. C. P. 126. Chief Judge Mercer, of the United States District Court of the Southern District of Illinois, in Union Carbide Corporation v. Traver Investments, Inc., supra, stated on page 769 of the opinion: "If I assume that the motion for summary judgment is meritorious, it still would dispose of only one facet of the case and leave yet pending issues of fact which must still be tried. Thus, the motion is a request that the case be decided piecemeal, a practice which is usually unwise and which to me is untenable on the present state of the pleadings". It is hard to imagine, under the circumstances here present, how the entry of plaintiff's partial judgment could conceivably bring the case to a more rapid conclusion. All the material issues are as before and, according to plaintiff, they now remain to be decided by the triers of fact. On the other hand, a new issue was interposed by the judgment procedure and thereby, the ever present danger of delay of final determination became greater, as is evidenced by this proceeding. It further appears that the partial judgment procedure might conceivably produce additional material litigation if plaintiff were permitted the right of immediate execution upon the partial judgment, which was proper under the prior practice act, with the right to a second execution upon the final conclusion: Cain v. Redlich, 310 Pa. 68, 164 Atl. 794 (1933). Normal procedure would likely allow separate appeals. Such a procedure, if allowed, could only increase the costs necessary for a final conclusion of the case. Such an interpretation would be opposed to Pa. R. C. P. 126, which requires construction of the rules so as to "secure the just,

speedy and inexpensive determination of every action".

Of course, it may be argued to the contrary that a party should be entitled to immediate possession of monies that are unquestionably due him. This is admittedly true, and the law usually, under such circumstances, compensates a party deprived of the immediate use of his money by compelling payment of an additional sum in the form of interest on the amount due. Where such right is compensated for by the continual accumulation of interest, it constitutes insufficient reason to justify the conclusion of a case in piecemeal fashion.

The official comments to the recently adopted Pa. R. C. P. 1035 state that it is an adaptation from F. R. C. P. 56(c) (d) (e) (f) (g) ; in fact, all except subsection (c) are taken verbatim from the Federal rule. Perhaps the most significant fact relating to these proceedings is the failure of this new rule to include subsections (a) and (b) of this Federal rule, which specifically authorized the entry of summary judgment upon all or any part of a claim. This omission of subsections (a) and (b) cannot be attributed to mere oversight, for undoubtedly each subsection was carefully considered before the final draft of Pa. R. C. P. 1035.

In omitting these subsections, the procedural rules committee was likely influenced by the opinion of Circuit Judge Goodrich in Coffman v. Federal Laboratories, Inc., supra, where, at page 98, he states: "We have examined subsection (a) of the Rule in the light of subsection (d) of the same Rule and agree with the Second and Seventh Circuits that the Rule 'does not contemplate a summary judgment for a portion of a single claim in suit. Neither does any other rule of the Rules of Civil Procedure so contemplate, as far as we are aware' ". In Biggins v. Oltmer Iron Works, (C. C. A. 7th), 154 F. 2d 214 (1946), plaintiff sued for

services rendered and moved for summary judgment as to part of the amount claimed on the basis of checks which had been offered him by defendant in full settlement of the account. The district court entered summary judgment for plaintiff for this part of the claim and ordered execution therefor. The court of appeals held that the cause of action was clearly based upon a single claim and that rule 56 does not contemplate a summary judgment for a portion of a single claim in suit. The actual conclusion of both courts was that subsections (a) and (b) of the rule added nothing to subsection (d) of the rule. This conclusion was reached in spite of the language used in subsections (a) and (b) of rule 56, to wit: "A party . . . upon a claim . . . may . . . move . . . for a summary judgment in his favor upon all or any part thereof". The language contained in Pa. R. C. P. 1037 is not so definitive of plaintiff's rights to a partial summary judgment and merely provides: "The Prothonotary . . . shall enter judgment . . . for any relief admitted to be due by defendant's pleadings". It seems quite apparent that the draftsmen of the procedural rules were attempting, by providing in rule 1037 for judgment for the relief admitted to be due in the answer, merely to speed up the trial by eliminating what were not deemed real issues.

It is generally held that, under subsections (c) and (d) of the Federal rule, now incorporated as part of Pa. R. C. P. 1035, entry of a partial summary judgment is authorized, interlocutory in nature: 3 Barron & Holtzoff, Federal Practice and Procedure 187, §1241. But, as before indicated, the draftsmen undoubtedly intended, by failure to adopt subsections (a) and (b) of the Federal rule, to preclude entry of a final partial judgment. In the absence of case authority on the subject, one can only speculate as to whether the Supreme Court, in promulgating Pa. R. C. P. 1035, was

thus making a declaration of a policy opposed to the entry of partial final judgments. The present Pennsylvania case law is contrary to such a policy. However, it would be incongruous to allow such judgments on motions for judgment on the pleadings and in cases of default or upon admissions, but at the same time hold that such is improper on a motion for summary judgment. For the reasons we have stated, and particularly in the light of the provisions of Pa. R. C. P. 1035, it would appear difficult to justify a partial final judgment, under the circumstances here present, when no issues are determined, the final conclusion delayed and costs increased. It would directly oppose the announced policy and function of our procedural rules: Pa. R. C. P. 126; Adcox v. Pennsylvania Manufacturers' Association Casualty Insurance Company, 419 Pa. 170, 213 A. 2d 366 (1965).

But we are not here required to decide this question, for defendants' motion seeks to take advantage of plaintiff's judgment and merely challenges his right to proceed for the balance claimed. Paragraphs 3 and 4 of the answer, each of which avers that defendants agreed to pay a firm contract price of $700, although admitting liability upon the underlying claim, constitutes only a conditional admission of an amount due plaintiff. Therefore, plaintiff could enter judgment for $700 upon these allegations only if he were willing to recognize and accept also the condition that it was the firm agreed contract price: Edward Robinson Agency v. Oleen Products Corporation, 399 Pa. 502, 161 A. 2d 48 (1960). If this were the condition of the record, then defendants' motion for judgment on the pleadings would merit the relief prayed for.

But the record discloses the express language of plaintiff's praecipe for judgment which plainly directed judgment be entered for the amount admitted to be due in paragraph 5 of the answer. This averment

simply stated that defendants were indebted to plaintiff "for the sum of seven hundred dollars and for no other amounts or indebtedness". Cerkovnik Brothers v. East Windber Coal Co., 74 Pa. Superior Ct. 399 (1920), dealt with the same problem as is here presented; namely, whether the allegation in the answer was an unqualified admission entitling plaintiff to a judgment for the amount admitted to be due. There, the affidavit of defense admitted a balance due and tendered a judgment in this amount in full settlement of all claims, etc. The court there held that, having admitted an amount to be due, defendant could not deprive plaintiff of his right to judgment for the admitted amount by attaching thereto a conditional tender. Here, the claimed condition is founded upon that part of the allegation that defendants are indebted to plaintiff "for no other amounts or indebtedness". This contention was, of course, an intrinsic part of the affidavit of defense in the Cerkovnik case. This was implied also in Roberts v. Sharp, supra, and we find it difficult to imagine a situation where such a condition does not attach, at least by inference, to the admission of an amount due. Plainly, defendants' position in this respect is without merit. The claimed conditional part of the allegation, being a conclusion and not responsive to the averment of the complaint it purports to answer, may be ignored and treated as surplusage: Jennison v. Aacher, 201 Pa. Superior Ct. 583, 193 A. 2d 769 (1963). Further, the plain language of plaintiff's praecipe clearly demonstrates that, in directing judgment be entered, he expressly reserved the right to proceed for the balance due. In view of our analysis of defendants' pleading, it is clear that plaintiff was not bound by any part of defendants' answer by reason of taking the judgment, and, accordingly, the motion for judgment on the pleadings must be refused.

Nor are defendants' legal rights at trial prejudiced in any respect by entry of plaintiff's judgment. The amount in controversy remains the same, and the identical defense pleaded in the answer is equally available. In fact, all issues and proofs at trial remain unaffected in every respect, except the parties must agree, and the triers of fact be informed, that plaintiff has received satisfaction in the amount of $700, the full amount that defendants contend was owed under the agreed terms of the oral contract.

Defendants, having unequivocably admitted liability for the work performed under the terms of an acknowledged oral contract, cannot now complain of the judgment against them when their answer expressly and unconditionally admitted the money was owing.

## ORDER

And now, July 1, 1966, the motion for judgment on the pleadings is refused. Exception is sealed for defendants.